GILBERT M. STOKES, plaintiff in error, *vs.* THE STATE OF GEORGIA AND THE COUNTY OF LEE, defendants in error.

1. A sale of the land by the assignee of a bankrupt does not divest the lien of the State upon the land for taxes due on it, even though sold by the assignee, free of encumbrance.

2. An execution issued by the tax collector for the unpaid taxes against the land, which has not been returned by any one, describing it as the property of the persons who last returned it, is valid against the land, although such persons may no longer be the owners of it, and may not have owned it at the time the law fixes the liability for taxes, to-wit: the first day of April.

Assignee's sale. Bankrupt. Lien of tax *fi. fa.* Before Judge CLARK. Lee Superior Court. April Adjourned Term, 1872.

An execution, in favor of the State of Georgia and county of Lee, for the tax of 1868, due on the "Bryan plantation," amounting to $205, against Hunt and Bryan, was levied in August, 1869, upon that place. A claim was interposed by Gilbert M. Stokes to said property. Upon the issue formed on the trial of the claim, it appeared that Goode Bryan, one of the defendants in *fi. fa.*, was adjudged a bankrupt on February 20th, 1868, and discharged on December 4th of the same year; that William Oliver was appointed assignee, and a deed made to him by the Register in Bankruptcy on March 12th, 1868, conveying all the property, real and personal, of said bankrupt; that the Bankrupt Court, by order dated June 9th, 1868, directed the sale of the "Bryan plantation," free from encumbrances; that said plantation was duly sold, and a deed made by said assignee to Thomas Scrathin, on July 9th, 1868; that said Scrathin conveyed said property to claimant by deed of same date.

The Court instructed the jury, "that if it appears that the tax was assessed upon this land for the year 1868, as the property of Hunt and Bryan, then the Bankrupt Court had no power to divest the lien of the taxes on the land in favor of the State, and that no sale or order of said Court could

interfere with the right of the State to collect said tax, and that said land, in whosoever's hands it might be, was still liable for the tax."

The claimant requested the Court to charge to the contrary, which was refused. To the charge, as given, and to the refusal to charge, plaintiff in error excepted and assigns said rulings as error.

HINES & HOBBS; G. J. WRIGHT, for plaintiff in error.

LYON & IRVIN, for defendant.

MONTGOMERY, Judge.

1. It has been said by a Judge of a United States Court that, "the power of taxation is a sovereign political power, and a branch of the power of eminent domain :" Brightley's Fed. D., 158. Georgia expressly retains this power over all property in the State, and follows the property for the payment of her taxes, in whosesoever hands found. The tax-payer cannot dispose of his property so as to divest her of this right: Code, 809, 810, 811. The bankrupt law does not attempt to deprive a State of this power. True, it makes provision for the payment of the State taxes, if the State choose to come into the Bankrupt Court and claim them, but she cannot be compelled to come in. Hence, the assignee, by sale of a bankrupt's property, cannot divest the right of the State to enforce the payment of her taxes on the property, wherever it may be found.

2. If it is true that the property is bound for the taxes, it makes very little difference who the owner of that property is, or how a tax execution describes it, so it is done with sufficient definiteness to enable the levying officer to ascertain the property.

Judgment affirmed.