THE ATLANTA & RICHMOND AIR-LINE RAILROAD COMPANY
*vs.* THE STATE OF GEORGIA.

THE ATLANTA & CHARLOTTE AIR-LINE RAILROAD COMPANY
*vs.* THE STATE OF GEORGIA.

1. When the Georgia Air-Line Railroad was consolidated with the South Carolina Air-Line Railroad and formed the Atlanta & Richmond Air-Line Railroad, under the act of 1868, the last named company was a new corporation, at least *de facto*, and its property was subject to taxation as the property of other persons, under the act of 1874. That the title to the act of 1868, amendatory of the original charter of 1856, did not authorize the creation of a new corporation, cannot be set up by such new body to defeat the payment of taxes to the state, or other liabilities justly incurred.
2. The sale of property under a decree of court does not divest the lien of the state for taxes due thereon, although the tax *fi. fas.* had not been levied.
BLECKLEY and JACKSON, Justices, concurred specially.

Railroads. Tax. Corporations. Lien. Before Judge SPEER. Fulton Superior Court. April Term, 1879.

Reported in the decision.

H. K. McCAY, for plaintiffs in error.

R. N. ELY, attorney-general; R. TOOMBS, for the state.

WARNER, Chief Justice.

This case came before the court below on affidavits of illegality to three tax *fi. fas.* issued by the comptroller-general of the state against the Atlanta & Richmond Air-Line Railway Company, as provided by the act of 28th of February, 1874, and were argued together here. One of said *fi. fas.* was for the sum of $1,983.59 for tax due for the year 1874, and dated 27th day of October, 1874, and levied on the defendant's property November 6, 1874; and one for the sum of $1,983.49 for tax due for the year 1875, dated 24th of January, 1876; the other *fi. fa.* was for the sum of

$1,648.99 for the tax due for the year 1876, and for the sum of $3,297.98 as penalty for default of payment of its tax for that year, dated 2d of November, 1876. Both of the last named *fi. fas.* were levied on the defendant's property on the 25th of April, 1879. On the hearing of the said affidavits of illegality, the same were overruled, and the defendant excepted. The state also excepted because the court refused to allow interest on the tax *fi. fas.*

1. The two questions mainly insisted on here by the plaintiffs in error were: First, that the Atlanta & Richmond Air-Line Railway Company was not liable to be taxed higher than one-half of one per cent. on its net annual income, and that so far as the act of the general assembly of 1874 sought to impose a higher rate of taxation upon its property, the same was unconstitutional and void. Second, that since the date of the two last *fi. fas.* hereinbefore set forth, the defendant's road was sold (to-wit) on the 5th of December, 1876, under a decree of the circuit court of the United States, and before the *fi. fas.* had been levied on its property. On the 5th of March, 1856, the general assembly incorporated the Georgia Air-Line Railroad Company, and by the fourth section of its charter it was provided that it should "use and enjoy with all the rights, privileges and immunities granted to the Central Railroad and Banking Company," one of which was an exemption from taxation exceeding one-half of one per cent. on its annual net income. On the 5th of September, 1868, the general assembly passed an act to amend the act incorporating the Georgia Air-Line Railroad Company, and to confer upon it certain powers and privileges therein mentioned, the second section of which was as follows:

"That said Georgia Air-Line Railroad Company be, and they are hereby, authorized to consolidate, combine or unite with any other railroad company, or companies, directly or indirectly connecting therewith (or to unite the management of said companies), upon such terms, conditions and provisions as shall be agreed upon by and between such companies so consolidating or uniting, and thereupon such consolidation or united company shall be invested in this state with

all the rights and privileges conferred, and be subject to all the restric-
tions imposed by the original charter of said Georgia Air-Line Railroad
Company, and the amendments thereto, with the right to adopt such
other or modified corporate name, and to increase or diminish the
number of directors now provided for, as shall be determined best, and
agreed upon by such companies."

It was admitted that the railroad from Norcross (about
20 miles from Atlanta) to Charlotte had been constructed
after the date of the union or consolidation referred to in
the extracts hereafter copied from the pamphlet published
by said company, to-wit: after the date of 29th June, 1870,
and by the Atlanta & Richmond Air-Line Company. By
consent, the act of the legislature of South Carolina,
chartering the South Carolina Air-Line Railroad Com-
pany, and its amendment, the former dated December,
20, 1856, and the latter September 18, 1868, and the act of
the legislature of North Carolina, granting to the South
Carolina Air-Line Company its privileges in North Carolina,
of the date of 3d of August, 1868, were read, as law, pub-
lished under the authority of the states.

The following statements, published by the authority of
the defendant in a printed pamphlet, were, by consent, read
as evidence, to-wit:

1. "On the 14th of November, 1868, at a meeting of the stockholders
of the Air-Line Railroad, of South Carolina, the president and directors
were authorized by resolution to effect a consolidation with the
'Georgia Air-Line Railroad.'"

2. "On the 4th of November, 1868, at a meeting of the stockholders
of the 'Georgia Air-Line Railroad,' the president and directors were
authorized by resolution to effect a consolidation with the Air-Line
Railroad in South Carolina."

3. "On the 29th of June, 1870, a deed of consolidation was executed
by the president and directors of each company, and ratified on the
same day by the stockholders of each company, and the name of 'The
Atlanta & Richmond Air-Line Railway Company' was adopted."

4. "On the same day, 29th of June, 1870, the stockholders of the
Atlanta & Richmond Air-Line Railway Company (stockholders of the
two original companies) met in general convention, and duly organized
the new company by the election of president, and directors and offi-
cers.                                    LARKIN SMITH, Secretary."

The Georgia Air-Line Railroad Company was authorized by its amended charter in 1868 "to consolidate, combine or unite with any other railroad company upon such terms, conditicns and provisions as shall be agreed upon by and between such companies so consolidating or uniting, and thereupon such consolidation or united company shall be invested in this state with all the rights and privileges conferred, with the right to adopt such other or modified corporate name, and to increase or diminish the number of directors now provided for, as shall be determined best and agreed upon by such companies." Such is substantially the grant of powers and privileges contained in the amended charter of 1868, and the same is consistent with the title of the act. By the amended charter of the Air-Line Railroad of South Carolina, it is provided that "if the said company shall, as authorized by its charter, consolidate or unite with any other company, or companies, it may adopt such other or modified corporate name, and increase or diminish the number of directors now provided for, as shall be deemed best and agreed upon by such companies." It appears from the evidence in the record, that in pursuance of the authority granted by the respective states, a consolidation of the two roads was effected and ratified by the stockholders of each company, and that they then proceeded to organize the new company under its new name given to it after the consolidation of the two old companies into one, by the name of the "Atlanta & Richmond Air-Line Railway Company," and it is difficult to perceive why it was not a new company after the consolidation of the two companies had been consummated; but be that as it may, if it was not a *de jure* new railroad company under its new name and organization, it was at least a *de facto* new railroad company operating and running its road in this state, and therefore its property was liable to taxation as the property of other persons in the state, as provided by the act of 1874.

2. The sale of the road under the decree of the circuit

court of the United States, did not divest the lien of the state for her tax due on the property, although the tax *fi. fas.* had not been levied. Code, §812; 8 *Ga.*, 479; 46 *Ib.*, 412. There was no error in overruling the defendant's affidavits of illegality to the tax *fi. fas.*

The foregoing view disposes also of the claim case in which the Atlanta & Charlotte Air-Line Railroad Company asserts its right to the property under the sale made by decree of the United States court after the lien for the state's taxes had accrued, the claim case being brought here by consent as a part of the general case.

There was no error in the refusal of the court to pass an order for the issuing of new *fi. fas.* from the superior court to embrace principal and interest for the taxes claimed by the state, in lieu of the *fi. fas.* issued by the comptroller-general. The court below did not render any judgment upon the question of interest, nor do we express any opinion upon that question.

Let the judgment of the court below be affirmed.

BLECKLEY, Justice, concurred as follows:

Though it be doubtful (and it certainly is) whether the title of the amending act of 1868 be sufficient to warrant the scope of the act in respect to consolidating so as to form a new corporation, I think that the Atlanta & Richmond Air-Line Company cannot raise that question to avoid the payment of its taxes. Nor can those claiming under it do so. The facts in the record show that there was a new company *de facto*; and it cannot deny that it was such *de jure* in a contest with the state about taxes. Granting that it usurped the franchise to be a corporation, there has been no judgment of ouster, and whatever debts or liabilities it incurred, whether for taxes or anything else, must be responded to.

JACKSON, Justice, concurred in the judgment upon the ground that under the facts of this case it would be impossible to arrive at what the one-half of one per cent. of the

net income of the company amounted to, and as the railroad ran through a portion of this state, its property within the state was subject to the same rate of taxation as that of natural persons. He did not concur in the view that the act amending the original charter created a new corporation. He did not think that the title of an act authorizing an amendment to a charter could, under the constitution of this state, authorize the creation of a new artificial person by the body. A new corporation is operating *de facto* in this state, and has property here, and that property is liable for taxes as that of all other persons natural and artificial, who have no exemption in whole or in part.