WILSON *et al. v.* BOYD.

1. A sale of land by the sheriff in November under a general *fi. fa.* does not divest the lien of the State and county for the year's taxes of the defendant in *fi. fa.*
2. It is not a fraud for the sheriff to sell for taxes, upon due levy and return to him by a constable, the same land which he had previously sold under a general *fi. fa.* against the same defendant; nor is it a fraud for any one to purchase at the tax sale though having full notice of the prior sale.

December 2, 1889.

Equity. Taxes. Liens. Fraud. Notice. Before Judge WELLBORN. Lumpkin superior court. April term, 1889.

Reported in the decision.

PRICE & CHARTERS, for plaintiff in error.
WIER BOYD, by brief, *contra.*

BLECKLEY, Chief Justice.

By virtue of an execution from Lumpkin superior court in favor of Sears against Parker, the undivided one fourth part of a certain lot of land was sold by the sheriff in November, 1886, and Boyd became the purchaser at the price of one hundred dollars, and the sheriff made to him a deed accordingly. Afterwards, in February, 1887, a tax *fi. fa.* against Parker for $93.-61, his State and county taxes of the year 1886, was levied by a constable upon the same undivided fourth of the same lot, together with other realty, all of which was pointed out by Parker and seized as his property. This levy having been returned to the sheriff by the constable, the property embraced in it was sold by the

sheriff on the first Tuesday in April, 1887, each parcel being sold separately, and the whole bringing less than the amount of the tax *fi. fa.* Boyd was present and gave notice that he claimed under his previous purchase, and the deed made in pursuance thereof, the undivided fourth embraced therein. This notice was given in the presence and hearing of Wilson, who nevertheless became the purchaser of the same undivided fourth at the tax sale, the price paid being one dollar and fifty cents, and took a deed from the sheriff accordingly. At the time of this sale to Wilson, Parker had, and still has, sufficient other property in the county to satisfy the tax *fi. fa.* Other realty was in fact seized and sold under the *fi. fa.* subsequently, producing a fund sufficient to pay off the balance due upon it, and leaving a surplus of $14.51.

On the foregoing facts, Boyd filed his bill in September, 1888, against the sheriff and Wilson, alleging that at the time of the tax sale they both well knew that the title had passed out of Parker into him (Boyd), and that all liens had been divested by virtue of the prior sale to him. He prayed that the deed from the sheriff to Wilson be cancelled and set aside as a cloud upon his title; and the judge, to whom the case was submitted without a jury, decreed at the hearing that said deed be cancelled and annulled; to which decree Wilson excepted.

1. There was no charge of fraud, or of fraudulent combination to seize and sell the property in controversy for the payment of Parker's taxes. The theory of the bill seems to be that the prior sale to Boyd divested the tax lien, but this theory is altogether erroneous. Nothing can be plainer than that the lien of the State and county for the taxes of 1886 was not divested by the sale made in November of that year under an execution issued from the superior court. Code, §§812,

1973; *Gladney* v. *Deavors*, 8 *Ga.* 479; *Gladney* v. *Deav-ors*, 11 *Ga.* 79, 86; *Stokes* v. *State*, 46 *Ga.* 412; *Atlanta, etc. R. R.* v. *State*, 63 *Ga.* 483; *Freeman* v. *Atlanta*, 66 *Ga.* 617; *Verdery* v. *Dotterer*, 69 *Ga.* 194.

2. We have already said that there was no express charge of fraud, and certainly the facts of the case do not of themselves amount to fraud. Any interest which Parker owned in this lot of land on the first of April, 1886, was subject to pay his taxes for that year. It was the privilege if not the duty of the constable to levy upon any property that was so subject, which Parker pointed out. Code, §891. It was his duty to return the levy, the same being upon land, to the sheriff. Code, §888. And after such return, the sheriff was not at liberty to decline to sell because he had previously sold to Boyd under another *fi. fa.*, the lien of which was inferior to that of the tax *fi. fa.* If the constable levied lawfully, and the sheriff sold lawfully, it could not be a fraud for Wilson to buy, although he paid a small price. If he was the highest and best bidder at a fair and lawful sale, he was entitled to the benefit of his purchase, no matter how little it cost him. The notice of the prior sale to Boyd did not affect his conscience, nor was it a matter of any concern to him whether Parker had other property which might have been levied on or not. Indeed, it does not appear that he knew that Parker had other property, there being no evidence that this information was embraced in the notice given by Boyd at the tax sale. But what concern did Wilson have in the matter any further than to take care that he was buying under a lien and execution to which the property he bought was subject? If Boyd had desired to protect his previous purchase, he might have done so either by out-bidding Wilson at the tax sale, or by redeeming within a year after that sale was made. Beyond all question the court erred in decreeing that the deed to Wilson be cancelled and set aside.    *Judgment reversed.*