**In re ROGERS & WILLIAMS et al.**
No. 253.

District Court, S. D. Georgia, Dublin Division.
March 14, 1933.

**117**

A. S. Bradley, of Swainsboro, Ga., for trustee.

Claxton & Claxton, of Wrightsville, Ga., for Town of Adrian.

BARRETT, District Judge.

The petition to review the order of the referee discloses the following facts:

On November 8, 1932, the proper official of the town of Adrian levied certain tax fi. fas., issued by the town of Adrian, against H. C. Williams, one of the partners of the bankrupt firm, upon a certain lot of land in the town of Adrian. The said Williams owned other land in the town of Adrian. These tax fi. fas. were for taxes owing upon all of his lands in Adrian. Sale of said land was had, and the same was purchased by the town of Adrian on December 6, 1932.

On November 9, 1932, one day after the levy had been made, an involuntary petition in bankruptcy was filed against said firm, and an adjudication was had on the same day.

On December 28, 1932, the referee in bankruptcy, over objection of the town of Adrian, passed an order for the sale of "the equity of the bankrupt, H. C. Williams, in" said land lot, " * * * said described tract to be sold subject to outstanding liens against it, including tax liens."

Confusion has arisen in the case because of the supposed applicability of the equitable doctrine that each parcel of land should bear its proper proportion of taxes, as determined by the Georgia court in Brooks v. Matledge, 100 Ga. 367, 28 S. E. 119, and Phœnix Mut. Life Insurance Co. v. Bank of Kestler, 170 Ga. 734, 154 S. E. 247.

Unquestionably that would be the rule if it were a question of distributing funds in the hands of the court, or if all those holding liens upon the different parts of the real estate were before the court. But that is not the case here.

The sole question here is as to whether ordinary proceedings to realize upon tax fi. fas., which had been instituted before bankruptcy, are invalid because of the bankruptcy of the defendant before the consummation or termination of such proceedings. While this is not a proceeding in a state court, it is a proceeding by a state authority, and, if there be a difference between a proceeding in a state court to enforce a judgment and a proceeding to realize upon tax fi. fas. by a department of the state government, namely, the town of Adrian, the latter should be the more favored.

■ The right under the Georgia law as between the taxing power and the owner to levy upon one lot of land in order to realize the taxes due on several lots of land is not raised in this case, but, if it were, it would not avail, for the Georgia rule, contrary to the rule in other states, is to the effect that such may be done. Williamson v. White, 101 Ga. 276, 28 S. E. 846, 65 Am. St. Rep. 302, cited in 26 R. C. L. § 357, p. 399.

The single question here is controlled by the decision of the Supreme Court of the United States in Straton v. New, 283 U. S. 318, 321, 51 S. Ct. 465, 466, 75 L. Ed. 1060, where it is held that:

"The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. This jurisdiction is exclusive within the field defined by the law, and is so far *in rem* that the estate is regarded as *in custodia legis* from the filing of the petition * * *

"That liens cannot thereafter be obtained *nor proceedings be had in other courts to reach the property,* the district court having acquired the exclusive right to administer all property in the bankrupt's possession." (Italics mine.)

But nevertheless it therein decided: "Where creditors have obtained and docketed judgments constituting liens on the real estate of their debtor, and have instituted a creditors' suit in a state court to marshal the liens and enforce them by a sale of the real estate, the bankruptcy of the debtor, occurring more than four months after the institution of the creditors' suit, does not oust the state court of jurisdiction, nor vest in the court of bankruptcy power to enjoin further proceedings in the state court." (Headnote 1.)

■ "Four months" limit is important in the above statement, because the lien was "created by or obtained in or pursuant to any suit or proceeding at law or in equity," and therefore invalid, if obtained within

four months of the filing of the petition in bankruptcy. Bankruptcy Act § 67 (11 USCA § 107). Tax liens are not thus rendered invalid if they come into existence within such four months. A tax is not dischargeable. Bankruptcy Act § 17 (11 USCA § 35). A sale of the property by the trustee does not of itself destroy the lien of the tax. See Stokes v. State, 46 Ga. 412, 12 Am. Rep. 588; Atlanta & R. A. L. Railroad v. State, 63 Ga. 483; Durden v. Phillips, 166 Ga. 689, 144 S. E. 313.

The determining fact in the case of a tax lien is: Was the proceeding to enforce it instituted before the filing of a petition in bankruptcy? The answer to this is found in the body of the opinion in Straton v. New, page 326, of 283 U. S., 51 S. Ct. 465, 468, 75 L. Ed. 1060, though there dealing with a judgment lien:

"* * * Federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate.

"The trustee in bankruptcy may intervene in such suits to protect the interests of the estate."

The fact that the town of Adrian had only a defeasible title is unimportant. Whatever title it had is not affected by bankruptcy.

[5] The trustee, as a creditor of Williams, can redeem the land if he desires. Park's Code of Georgia 1914, § 1169.

The order of the referee is therefore set aside.