MARTIN *et al. v.* CLARK.

No. 13199.   MAY 17, 1940.

272

*William B. Jones,* for plaintiffs.  *W. S. Allen,* for defendant.

REID, Chief Justice.  ■  While the plaintiffs offered no written evidence of their title to the disputed premises, proof that their ancestor died in possession was sufficient.  *Bagley* v. *Kennedy,* 85 *Ga.* 703 (11 S. E. 1091).  This is especially true where the facts relied upon by plaintiffs as establishing their title were not challenged, but instead the defendant sought to establish in himself title emanating from the same source.

■  "As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant has neither title nor possession nor any right to represent the person who has it; and a sale under these circumstances would be void as to the true owner.  *Nelson* v. *Brown,* 174 *Ga.* 150 (2) (162 S. E. 276) ; *McLeod* v. *Brooks Lumber Co.,* 98 *Ga.* 253 (2) (26 S. E. 745) ; *Burns* v. *Lewis,* 86 *Ga.* 591 (5) (13 S. E. 123) ; Civil Code (1910), § 1018."  *Haden* v. *Atlanta,* 177 *Ga.* 869 (171 S. E. 703).  Since it appears without dispute that the plaintiffs' ancestor died many years before the municipal taxes for 1918 and 1919 accrued or could have been assessed, and before the tax executions could have been issued, it follows that as to the plaintiffs, who were the true owners of the property when the levy was made, the tax sale was void, unless it can be said that the proceeding was one in rem against the property itself.

■  "Taxes shall be charged against the owner of property if known, and against the *specific property itself* if the owner is not known."  Code, § 92-110.  While this statute makes no specific reference to municipal taxation, the procedure and rights of municipalities in enforcing collection of taxes should be viewed in harmony with the general law.  Thus it has been held, that, in the

absence of charter power, officers of a municipality, having in charge the matter of levying and collecting taxes, are without power to issue an execution in rem against land, where its ownership is not in doubt. *Justice* v. *Parnin,* 130 *Ga.* 869 (61 S. E. 1044). But even if it be assumed that, when the tax executions here involved were issued, there was such doubt as to the ownership of the property as to authorize the city authorities to issue them in rem against the particular property, or even if it be assumed that such an execution in rem might have been lawfully issued by the city in the absence of such doubt, it does not appear that the fi. fas. under which the property was sold were in fact so issued. According to the testimony of the former chief of police, the executions have been lost or destroyed, and they were apparently not recorded along with the sheriff's deed, as authorized by the Code, § 29-412. This witness testified that the executions were issued "against the property of Eliza Ann Martin;" but the sheriff's deed, on which the defendant must necessarily rely, recited that the property was levied upon "as the property of Eliza Ann Martin," and that the levy was in obedience to a writ of fieri facias issued from the City of Greenville, for taxes due the city for the years 1918 and 1919, "against Eliza Ann Martin." Every tax execution is, of course, an execution against the property of the defendant, in the sense that it directs the seizure of his property; but the indefinite statement by the witness to such effect can not be taken to justify a finding that the tax executions were issued in rem against the *specific* property sold under them. Especially is this true where the plain import of the official advertisement and of the recital in the sheriff's deed is that the executions were not in rem, but in personam against Eliza Ann Martin. Accordingly, it must be held that as to the plaintiffs, who with their father were then the lawful owners of the property, the levy and sale were void and did not operate to divest their title. Had the executions issued in rem, that is, specifically against the particular property sold under them, the rule would of course be different. *Gross* v. *Taylor,* 81 *Ga.* 86 (6 S. E. 179).

A sheriff's deed, even though defective, may be color of title. *Knox* v. *Yow,* 91 *Ga.* 367 (5), 368. So treating the deed .executed by the sheriff of Meriwether County, who had. apparently levied an execution for municipal taxes, and without reference to

whether a claim of title by virtue of possession under color of title is in any wise aided by possession by the grantee *before* the execution and delivery of the deed relied on as color of title (cf. *Acme Brewing Co.* v. *Central Railroad &c. Co.,* 115 *Ga.* 494 (11) (42 S. E. 8), did the defendant produce evidence sufficient to permit a finding that he or his predecessor in title under the tax deed had for any period of time such possession of the disputed premises as would meet the requirements of the statute? We think not. "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right." Code, § 85-402. The only proof tending to establish the prescription claimed by the defendant is the testimony of the purchaser at the tax sale, that "a year or more later" (after the tax sale) he "went into possession of said property." Treating this statement as effective to establish all it purports to establish, and not as a mere conclusion without probative value, it falls far short of the proof required. To be effective, possession must be "actual, open, visible, exclusive, and unambiguous." *McDonald* v. *Dabney,* 161 *Ga.* 711, 714 (132 S. E. 547). If title by prescription under the Code, § 85-406 is claimed, it will not include any part of a given tract beyond the limits of the actual possession. *Baker* v. *White,* 136 *Ga.* 541 (71 S. E. 871). Where title by prescription under § 85-407 is claimed, a somewhat different rule prevails, since, under §§ 85-404, 85-405, a claimant in actual possession of a part of a tract may rely upon the presumption that his possession extends to the boundaries of the tract described in his paper title, although prescription will not run in his favor as against one having like constructive possession. But whether title be claimed under § 85-406 by virtue of adverse possession for twenty years without written evidence of title, or under § 85-407 by virtue of adverse possession for seven years under color of title, the possession relied upon must meet the requirements of § 85-402. The proof here, at most, shows a mere taking of possession at the time referred to by the witness. He was silent as to how his possession was evidenced, and as to whether he used or occupied the premises, or performed any of the acts commonly evidencing ownership and possession of land. He did not say, in general terms or otherwise, that his pos-

session was exclusive and peaceable, or how long it continued. For aught that appears, it may have been immediately interrupted, and from its inception may have been in common with the plaintiffs or some other claimant. Such meager proof does not authorize a finding in favor of title by prescription.

Under the foregoing rulings, the plaintiffs were entitled to have canceled the deeds referred to in the petition; and it was error to deny an injunction. As it does not appear from the record or otherwise that the acts they sought to enjoin have been actually completed since the interlocutory ruling, the judgment must be                    *Reversed. All the Justices concur.*