JAMES *et al.* v. FLORIDA REALTY & FINANCE CORP. *et al.*

HAWKINS, Justice. Florida Realty & Finance Corporation and C. J. Camp filed their petition seeking to register the title to a described tract of land under the Land Registration Act, setting out as an exhibit to the petition the abstract of title as claimed by them, only three links in the chain of title being material here, and they being as follows:

*Link No. 29*                          Instr: Marshal's Deed
John Chambers, by Riley F. Elder,      Date: 5/4/1937
Marshal of the City of Atlanta         Recorded: 7/9/1937
    to                                     Deed Book: 1557, page 239
City of Atlanta                        Consideration: $29.60

Conveys caption [meaning the property described in the petition].
Recites: Property sold for 1931 City of Atlanta taxes, fi. fa. No. 1851.

*Link No. 30*                          Instr: Marshal's Deed
John Chambers, by Riley F. Elder,      Date: 9/4/45
Marshal of the City of Atlanta.        Recorded: 9/7/45
    to                                     Deed Book: 1764, page 571
John Allen James                       Consideration: $32.64

Conveys caption. Recites: Property sold for 1938-1944 City of Atlanta taxes, fi. fas. Nos. 616-D, 490-D, 430-D, 424, 309, 245, 213.

*Link No. 31*                          Instr: Quit Claim Deed
City of Atlanta                        Date: 10/3/1950
    to                                     Recorded: 10/26/1950
Florida Realty & Finance               Deed Book: 2575, page 332
Corporation and C. J. Camp             Consideration: $30.00
Conveys caption.

To this petition John Allen James, one of the defendants named therein, filed a demurrer on the grounds: (1) that the petition shows on its face that the petitioners are merely attempting to register an unforeclosed tax deed, have merely a defeasible title, and not a fee-simple title, and the petition does not come within the Land Registration Act; (2) that the petition shows on its face that there are prior and superior claims to the property sought to be registered, and shows the defendant's claim to be superior to that of the petitioners, in that petitioners claim under a deed obtained by the City of Atlanta in 1937 for taxes, transferred to petitioners in 1950, and shows conclusively that in 1945, while the City of Atlanta held the tax deed under which petitioners claim, it divested whatever title and interest it had in said property to John Allen James; (3) that the petition shows that the petitioners have no fee-simple title in the property sought to be registered; and (4) (by an additional demurrer) that it is affirmatively shown by the petition that the transfer by the city to the petitioners was void because it violated the provisions of certain designated sections of the ordinances of the City of Atlanta. John Allen James bases his claim of title to the land in dispute on the tax deed referred to in link No. 30 of the abstract of title, and to the judgment overruling his demurrers he excepts. *Held*:

1. The City of Atlanta having purchased the property in dispute as the land of John Chambers under the sale for city taxes, and having acquired a tax deed thereto in 1937, which was properly recorded, and which was more than seven years prior to the approval by the Governor on February 25, 1949, of the act of the General Assembly of 1949 (Ga. L. 1949, p. 1132, Code, Ann. Supp., §§ 92-8315 and 92-8316), and neither the defendant in that execution, nor anyone else, having redeemed the property, or commenced any proceeding for that purpose within twelve months from the date of the approval of said act by the Governor,

the right to redeem said property was forever barred, and the said deed to the City of Atlanta conveyed fee-simple title, and title to the property described vested absolutely in the City of Atlanta. *Forrester* v. *Lowe,* 192 *Ga.* 469 (15 S. E. 2d, 719).

2. Title to said property being vested in the City of Atlanta by the tax deed of 1937, it was exempt from taxation while so held (Code, Ann., § 2-5404; Code, Ann. Supp., § 92-201; *Walden* v. *Town of Whigham,* 120 *Ga.* 646, 48 S. E. 159); and the purported sale thereof in 1945 to John Allen James, under executions issued against John Chambers in personam for city taxes for the years 1938-1944, and the deed executed in pursuance of such sale by the city marshal on September 4, 1945, were void, and conveyed no title to the plaintiff in error John Allen James. *Martin* v. *Clark,* 190 *Ga.* 270, 272 (2) (9 S. E. 2d, 54), and cases there cited.

3. While the petition is silent as to whether the City of Atlanta complied with the requirements of the Code, § 92-4404, as to a public sale to the highest bidder in executing the quitclaim deed to the petitioners, set out in link 31 of the chain of title, nothing to the contrary appearing, it will be presumed that the municipal officials performed their duty and complied with these requirements of the law. *Truluck* v. *Peeples,* 1 *Ga.* 3; *City Council of Augusta* v. *Pearce,* 79 *Ga.* 98, 100 (4 S. E. 104); *New Mission Baptist Church* v. *City of Atlanta,* 200 *Ga.* 518, 523 (37 S. E. 2d, 377).

4. The petition was not subject to the demurrer that it affirmatively showed on its face that the deed from the City of Atlanta to the petitioners was invalid because of the failure on the part of the municipal authorities to comply with certain ordinances of the City of Atlanta.

5. Applying the foregoing principles of law to the allegations of the petition in this case, the trial court did not err in overruling the defendant's demurrers.

*Judgment affirmed. All the Justices concur.*

No. 17680. Argued November 14, 1951—Decided January 16, 1952— Rehearing denied January 29, 1952.

*Saul Blau,* for plaintiffs in error.

*T. A. Veitch, Robert W. Spears* and *Grant, Wiggins, Grizzard & Smith,* contra.