### 19559. SOUTHERN AIRWAYS CO. *v.* WILLIAMS, Commissioner.

CANDLER, Justice. 1. In this mandamus proceeding against Wheat Williams, as sole Commissioner of Roads and Revenues of DeKalb County, to require him to record on his minutes two contracts which purport to lease certain county property to the plaintiff for a fixed period of time and for a specified amount as annual rent, and where the alleged contracts were in proper form and prima facie valid, no further inquiry as to their validity can be made in the mandamus proceeding; but all other questions respecting their validity must be determined in another action unaffected by the judgment in this case. *Malcom* v. *Aldredge*, 208 *Ga.* 297 (66 S. E. 2d 750), and the cases there cited.

2. When, as in this case, a sole commissioner of roads and revenues makes a contract for and on behalf of the county, it is his duty to record it on his minutes promptly, and when he fails to do so, mandamus will lie to compel him or his successor in office to perform such official duty, unless the applicant for such relief has with respect thereto been guilty of gross laches or has permitted an unreasonable period of time to elapse before applying to the proper court therefor. Code

§ 23-1701; *Weathers* v. *Easterling,* 153 *Ga.* 601 (1) (113 S. E. 152); *Wood* v. *Puritan Chemical Co.,* 178 *Ga.* 229 (172 S. E. 557); *Wood* v. *City Board of Plumbing Examiners,* 192 *Ga.* 415 (15 S. E. 2d 486), and the several cases there cited.

3. There is a legal presumption, until the contrary appears, that a public officer has regularly and properly performed his official duty. *Fine* v. *Dade County,* 198 *Ga.* 655, 663 (32 S. E. 2d 246). Under the facts of this case, as they appear from the statement following this syllabus opinion, there is clearly no merit in the defendant's contention that the plaintiff, because of its gross laches or unreasonable delay in applying therefor, is not entitled to the relief sought.

4. While, under Code § 64-106, mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless, and while this court will and does take judicial notice of the fact that the defendant Williams is not now the Commissioner of Roads and Revenues of DeKalb County, the judgment excepted to will, for the reasons stated above, be reversed in order that the applicant for the writ may not be estopped thereby. See *Northington* v. *Candler,* 211 *Ga.* 410 (86 S. E. 2d 325).

*Judgment reversed. All the Justices concur.*

Argued January 16, 1957—Decided February 12, 1957— Rehearing denied February 25, 1957.

*William G. Grant, Fisher, Phillips & Allen, T. Charles Allen,* for plaintiff in error.

*George P. Dillard, W. Dan Greer,* contra.

*Sutherland, Asbill & Brennan, Randolph W. Thrower, James P. Groton,* for party at interest not party to record.