### 35428. LESTER WITTE & COMPANY v. RABUN COUNTY et al.

JORDAN, Justice.

This is an appeal from the dismissal of the appellant's mandamus action and from a judgment on the pleadings as to the remaining counts of appellant's complaint in favor of the appellees.

The appellant (plaintiff below) entered into a contract to perform accounting services for the appellee county after submitting a bid to the board of commissioners stating that its services would be within a certain cost range up to a maximum amount of $15,100. The contract, signed by both parties, specified as follows: "Should any unusual circumstances come to our attention which we are unaware of at this time, we reserve the right to increase our fee, but not without consultation with you first." The minutes of the meeting of the Rabun County Board of Commissioners at which the contract was accepted recite only the character of the work to be done and the quoted prices, with no mention of the reservation of appellant's right to charge more in the event of unusual circumstances.

The work done exceeded the estimate by approximately $10,000. Appellant maintains the excess work was orally agreed to by certain individual commissioners. Appellee denied this and refused to pay appellant the additional amount billed.

Appellant sued in one count for a writ of mandamus directing the commissioners to place that part of the contract authorizing the additional work on the minutes, and in a second count to recover the additional $10,000 from the county. Appellant amended its complaint to present as an alternative theory of recovery that its contract did not have to be in writing and placed on the minutes since it had been, in effect, appointed county auditor, and as a public official was exempt from having its contract placed on the minutes. The trial judge dismissed the mandamus action and, after a hearing, granted appellees' motion for judgment on the pleadings.

1. The appellant argues that had the entire contract entered into between the county and itself been spread upon the minutes, then its incursion of the excess expenses would be authorized by a contract fulfilling the requirements of Code Ann. § 23-1701, that is one both in writing and entered on the minutes. To that end, appellant urges, a county can be directed to spread a written contract it has entered into on its minutes through a writ of mandamus. This is the law in Georgia. See *Southern Airways Co. v. Williams,* 213 Ga. 38 (2) (96 SE2d 889) (1957).

The county, through its officials, argues that the only contract it entered into is on the minutes, and that it would be illegal for it to enter an oral contract on the minutes given the dual requirement of Code § 23-1701, that a contract be in writing and on the minutes. Even if the contract authorized an oral modification, as the appellant maintains that it does, such modification could not be binding on the county.

As we view the mandamus feature of this case, we conclude that the trial court was correct in dismissing that count of appellant's complaint. "[W]here . . . alleged contracts were in proper form and *prima facie valid,* no further inquiry as to their validity can be made in the mandamus proceeding . . ." *Southern Airways Co. v.*

*Williams,* supra at 38 (Emphasis supplied.) While it is true that at the mandamus stage the court cannot inquire beneath the surface of a facially valid contract before ordering it placed upon the minutes, in this case the alleged agreement authorizing the appellant to incur $10,000 in excess of the stated contract price is not prima facie valid because it is not in writing. "The terms of a written contract may be modified or changed by a subsequent parol agreement . . . *In effect, the result is two contracts: one written and one oral." Ryder Truck Lines v. Scott,* 129 Ga. App. 871, 873 (201 SE2d 672) (1973) (Emphasis supplied.) Since there is a supervening statutory requirement where a party contracts with a county, absolutely requiring such a contract to be in writing, the second contract (the subsequent modification) may not be oral even though it leaves the general purpose and effect of the subject matter of the contract intact. *Evans v. Henson,* 73 Ga. App. 494 (37 SE2d 164) (1946) (explaining the effect of an agreement to modify a contract).

Finally, as to appellant's claim that the board of commissioners went so far as to authorize payment of the full amount requested in one of its meetings, which is reflected in the minutes of that meeting, but that the board later refused to pay that amount, we note the language of *Murray County v. Pickering,* 42 Ga. App. 739 (157 SE 343) (1930) which states that a "mere oral agreement is unenforceable even though it be embodied or recited in a resolution adopted by the county commissioners and entered on the minutes." We affirm the dismissal of the mandamus proceeding.

2. Appellant makes an appealing argument as to its alternative theory of recovery as appointed county auditor. Code § 23-1301 states that the county commissioners "are authorized, whenever they deem it necessary to do so, to employ an expert accountant to examine and report on the books, vouchers, and accounts of any county officer whose duty it is under the law to handle county funds. The expert accountant may reside in the county in which he is to be employed or elsewhere." Appellant relies on a statement made by the chairman of the board of commissioners to the effect that he considered

appellant to be the county auditor. Actually, the record before us contains depositions of the three Rabun County Commissioners. Each separate commissioner stated that he considered Lester Witte & Company to be the county auditor from the date of the meeting of the board on October 11, 1976, in which Lester Witte & Company's proposal was accepted and such acceptance was entered on the minutes of that meeting.

Appellant is a partnership with some sixty members. Although a partnership is *treated* as a legal entity for certain purposes such as taxation, attachment, licensing, garnishment, and enforcement of judgments against partnership property (*Williams Bros. Lumber Co. v. Anderson,* 210 Ga. 198, 206 (78 SE2d 612) (1953)), and, with regard to the tortious negligence of a partnership resulting in an injury to an employee, a partnership is held liable (*Zakas Bakery v. Lipes,* 27 Ga. App. 712, 715 (109 SE 537) (1921)), nevertheless, a partnership has no legal entity aside from that of its partners. *Scoggins v. Aetna Cas. &c. Co.,* 139 Ga. App. 805 (229 SE2d 683) (1976). The question becomes whether a partnership can hold the public office of appointed county auditor? We must answer this question in the negative.

"No person shall be eligible to hold any county office in any county unless he shall have been bona fide a citizen of the county in which he shall be elected *or appointed* at least two years prior to his election or appointment, *and is a qualified voter entitled to vote . . .*" Code § 89-101 (7). (Emphasis supplied.) In the case of a county auditor, the residency requirement of Code § 89-101 (7) is dispensed with by Code § 23-1301. However, the requirement that a county officer, whether elected or appointed, be a qualified voter remains absolute. See *Malone v. Minchew,* 170 Ga. 687, 690 (153 SE 773) (1930); *Culbreth v. Cannady,* 168 Ga. 444, 447 (148 SE 102) (1929) (interpreting Civil Code of 1910 § 258 (7) which is the present-day Code § 89-101 (7), as amended).

Obviously, the individual partners of a partnership might fit the definition of a qualified voter but all might not, and once more, a partnership has no legal entity aside from that of its partners. *Scoggins v. Aetna Cas &c. Co.,* supra. Since a partnership cannot be a qualified voter, a

partnership may not hold such public office as is conceived of in Code § 89-101 (7).

The fact that Lester Witte & Company is a partnership appears on the face of the pleadings, without going into matters outside those pleadings, and, therefore, the county's motion for judgment on the pleadings in regard to appellant's amendment to its complaint was properly granted.

3. During oral argument, counsel for appellant was asked whether this court's recent opinion in *PMS Const. Co. v. DeKalb County,* 243 Ga. 870 (257 SE2d 285) (1979), would not control this case. Both sides filed supplemental briefs on this point alone. Upon more careful consideration, however, we find that this case does not control. A review of the record in *PMS,* revealed that the subject contract was a written one.

The key distinction between *PMS* and this case is the existence of a written contract covering all the terms *PMS* sued on, whereas here the trial court was correct in concluding that the oral modification Lester Witte & Company sued on was an illegal and unenforceable agreement. See Division 1, supra.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Nichols, C. J., and Hill, J., who dissent.*

ARGUED OCTOBER 9, 1979 — DECIDED FEBRUARY 6, 1980 — REHEARING DENIED MARCH 6, 1980.

*A. Sidney Parker, Toby B. Prodgers,* for appellant.
*Sutton & English, Frank Sutton, R. Bruce Russell,* for appellees.