41725. DADE COUNTY et al. v. MIAMI LAND COMPANY et al.
(325 SE2d 750)

MARSHALL, Presiding Justice.

In 1947, Dade County conveyed to Miami Land Company its ownership of mineral rights in approximately 18,000 acres in Dade County. A warranty deed was executed by the county ordinary and recorded in the superior court deed book in 1950, but it was not recorded on the ordinary's minutes as required by former Code § 91-602 (Ga. L. 1935, p. 110). (Since 1947, the county ordinary's office was abolished and replaced by the judge of the probate court. Former Art. IV, Sec. VI, Par. IV of the Georgia Constitution (former Code Ann. § 2-3504).) The United States of America on behalf of the Tennessee Valley Authority (TVA) subsequently acquired these mineral rights from Miami Land Company. In 1982, Miami Land Company and the United States of America, for the use and benefit of TVA, brought this mandamus action. The primary relief sought in the complaint is the recordation of the mineral rights deed in accordance with the requirements of law. Various surface landowners were allowed to intervene in this suit. However, the superior court granted the relief re-

quested by the plaintiffs by way of summary judgment. For reasons which follow, we affirm.

1. Under local law, recordation of the warranty deed is now required in the minutes of the county commissioner of roads and revenue. Ga. L. 1959, pp. 2382, 2385-2386, § 10.

2. Where a county official executes a deed on behalf of a county, and where the law requires that the deed be recorded in the county official's minutes, mandamus is the applicable legal remedy to compel recordation of the deed, assuming the deed is otherwise valid. See, e.g., *Southern Airways Co. v. Williams*, 213 Ga. 38 (96 SE2d 889) (1957); *Malcom v. Fulton County*, 209 Ga. 392 (73 SE2d 173) (8) (1952); *Milburn v. Commrs. of Glynn County*, 112 Ga. 160 (37 SE 178) (1900).

3. Under the record here, no triable issue of fact has been raised concerning the defenses of fraud, misrepresentation, or laches barring this action. See Division 5, infra.

4. As ruled by the superior court, this suit is not barred by the 20-year statute of limitation of OCGA § 9-3-22, which provides, in pertinent part, "All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued."

As held in *Stephens v. Moran*, 221 Ga. 4 (142 SE2d 845) (1965), this statute of limitation is not applicable in cases where the claim arises because of a public officer's failure to perform his official duty, but is applicable only in cases where the claim arises because of a right given to an individual only. The object of OCGA § 36-9-2, requiring the entry of contracts of conveyance on the minutes of a public official's records, is to give information to the public. Thus, the previously cited statute of limitation is inapplicable, because this action arises from a claim that a public officer has failed to perform his official duty.

5. To put the cart before the horse, so to speak, we now cite the facts of the case in order to illustrate that the summary judgment was correctly granted.

The consideration for the mineral rights to the 18,000 acres was paid over a 13-year period. Accordingly, a security deed securing the loan was marked satisfied in 1960. Since the purchase of the mineral rights, local taxes have been paid on this property; although Miami Land incurred periodic difficulties in making these payments, no efforts were made by the county to foreclose the security deed or otherwise sue on the 1947 conveyance.

In 1970, Miami Land granted a coal-mining lease to Arkel Land Company, which lease was assigned in 1977 to Robertson. The coal-mining lease was again assigned by quitclaim deed in 1981 to the

United States of America for the use and benefit of the TVA.

In 1977, Miami Land, Arkel, and Robertson brought suit in the United States District Court for the Northern District of Georgia against a number of corporations and individuals allegedly engaged in illegal mining on the subject property. It was during the pendency of this suit that Miami Land first became aware of the failure of the ordinary to record the 1947 conveyance on his minutes. The federal district court subsequently dismissed this suit on grounds of federal court abstention concerning matters of state law. Burford v. Sun-Oil Co., 319 U. S. 315 (63 SC 1098, 87 LE 1424) (1943).

Because of the uncertainty concerning this matter, the plaintiffs sought to have both the county probate court judge and the county commissioner of roads and revenues record the 1947 conveyance in their minutes. The probate court judge, but not the commissioner of roads and revenues, agreed to do this.

We thus conclude that under the record in this case, no triable issue of fact concerning the defendants' defenses of fraud, misrepresentation, or inadequacy of consideration has been raised by the appellants. We reach this conclusion, notwithstanding the execution of an affidavit concerning the valuation of the mineral rights. In this affidavit, a nonexpert witness on behalf of the appellants testified that the minerals conveyed to Miami Land by Dade County were valued at approximately $4 million in 1947 and approximately $50 million today. However, this affidavit is without probative value, because the affiant fails to lay a foundation for his conclusory statements. Cf. *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782) (1966).

Therefore, questions concerning whether laches is even an applicable defense in a mandamus action, and whether the defense of laches can even be raised now because the United States of America is a party, have been rendered academic. See *Cawthon v. Douglas County*, 248 Ga. 760 (286 SE2d 30) (1982); *Addis v. Smith*, 226 Ga. 894 (178 SE2d 191) (1970); United States v. Gera, 409 F2d 117 (3rd Cir. 1969).

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED FEBRUARY 8, 1985.

*Farrar & Farrar, Archibald A. Farrar, Watson, Dane & Peppers, Dennis D. Watson, David D. Gottlieb, Roger R. Auman, Jr.,* for appellants.

*Herbert S. Sanger, Jr., Charles W. Van Beke, Thomas C. Doo-*

*lan, Edward M. Joffe,* for appellees.