## S96A1629. WEST v. FULTON COUNTY.
### (479 SE2d 722)

HUNSTEIN, Justice.

Appellant, the executor of the estate of Thomas West, appeals from the grant of summary judgment to Fulton County, which was based on the trial court's holding that the purported sale of county-owned property to West by the Fulton County Tax Commissioner failed due to lack of proper authorization by the County. We affirm the trial court.

The property in issue was purchased by Fulton County in December 1980; the deed was recorded in July 1981. Due to inadvertence, the Fulton County Tax Commissioner was not informed that the property was owned by the County and the Commissioner levied on the property and conveyed it to West in June 1982 for nonpayment

---

[4] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

of 1979, 1980, and 1981 ad valorem property taxes. The tax deed was recorded in July 1982. After the expiration of the one-year statutory period, West filed a notice of redemption naming Fulton County's predecessor in title as defendant in fi. fa.; copies of the notice were served on the predecessor in title, Fulton County, and the State of Georgia. It does not appear from the record that West or appellant have made improvements to the property and it is uncontroverted that no taxes were paid on the property from the time of the sale until February 1995, a few weeks before Fulton County filed suit, although the record reflects that appellant knew at least by October 1994 of Fulton County's claim to the property. The record also reflects that West was extremely experienced in real estate transactions, having, at the time of this suit, over 300 properties in Fulton County in his name.

1. The manner in which a county may dispose of county-owned property is expressly addressed by statute. See OCGA § 36-9-3 (setting forth the manner in which property may be sold). OCGA § 36-9-2 provides that

> [t]he county governing authority shall have the control of all property belonging to the county and may, *by order entered on its minutes*, direct the disposal of any real property which may lawfully be disposed of and make and execute good and sufficient title thereof on behalf of the county.

(Emphasis supplied.) See also the comparable provision in OCGA § 36-10-1 (requiring contracts with a county to be entered on minutes). Applying the predecessor to OCGA § 36-9-2, this Court has held that where there is no resolution on the minutes by a county board of commissioners authorizing the conveyance of county-owned property or a subsequent ratification of the deed, "in the absence of such county action, the purported conveyance did not pass title to the land therein described." *Head v. Lee*, 203 Ga. 191, 201 (4) (45 SE2d 666) (1947). See also *Malcom v. Webb*, 211 Ga. 449, 455 (3) (86 SE2d 489) (1955) (applying the predecessor to OCGA § 36-10-1 to hold that until recorded on minutes, no contract is binding on county).

There are no exceptions set forth in OCGA § 36-9-2 to the requirement that authorization for the conveyance of county-owned property must be duly entered on the minutes of the proper county authority. Thus, the fact that the purported sale of county-owned property in this case was by tax sale does not operate to negate or otherwise nullify the provisions of OCGA § 36-9-2.[1] Accordingly, we

---

[1] The absence of any distinction in the tax lien statutes between privately-owned property and government-owned property is understandable, given that a county does not owe

reject West's argument that the requirements of OCGA § 36-9-2 can be circumvented by the tax lien statutes[2] so that a tax deed issued on county property, in and of itself, entitles the holder of the tax deed to the property where the sale has not been properly authorized as required by OCGA § 36-9-2. Although a party who purchases county property is not without a remedy in the event authorization for an otherwise properly-approved transaction is not entered on the minutes, in that cases have held that where the deed is executed and should be recorded, mandamus is available as the applicable legal remedy, *Dade County v. Miami Land Co.*, 253 Ga. 776 (2) (325 SE2d 750) (1985), it is uncontroverted in this case that at no time since the sale in 1982 did either West or appellant file a mandamus action against Fulton County to obtain entry of authorization for the sale on the County's minutes.[3]

2. We find no merit in appellant's arguments that summary judgment to the County was improper because questions of fact remain regarding the issues of waiver, estoppel, and laches. As to waiver, there is no evidence that the County intentionally or voluntarily relinquished a known right, see *Rock v. Ready Trucking*, 218 Ga. App. 774, 775 (463 SE2d 355) (1995); as to laches, there is no evidence that the "ascertainment of truth" has been impeded by the delay in this case, OCGA § 23-1-25; and as to equitable estoppel, the record reveals that West has failed to adduce evidence raising genuine issues of fact regarding all the required elements of equitable estoppel. See *Bell v. Studdard*, 220 Ga. 756, 759 (4) (141 SE2d 536) (1965).

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

OCGA §§ 36-9-2 and 36-9-3 relate to the sale or disposition of county property generally. In my opinion, those statutes have no application where, as here, the county property was the subject of a tax levy and, thus, an analysis of this case must begin and end with a consideration of whether the 1982 tax sale was valid. Because I

---

itself taxes on its own property and thus, in the proper order of things, no tax levy should ever be issued against county-owned property by the county's own tax commissioner.

[2] We note that should we accept West's position, the result would also require circumventing the long-standing policy behind that statute which, based on the fiduciary relationship between government and citizens, requires governments, through its agents, to obtain the best price upon the sale of government property. *Timbs v. Straub*, 216 Ga. 451 (4) (117 SE2d 462) (1960).

[3] We note that mandamus as a remedy may not lie where an applicant is guilty of gross laches or has permitted an unreasonable period of time to elapse. *Southern Airways v. Williams*, 213 Ga. 38 (2) (96 SE2d 889) (1957).

believe that that tax sale was valid, I respectfully dissent.

The County purchased the property in issue at a sale held by the County marshal under a general fi. fa. against Albert West, who is not related to Thomas West. However, it is important to note that this case does *not* involve mistaken assessments against the County or anyone other than the true owner. Compare *Martin v. Clark*, 190 Ga. 270, 272 (2) (9 SE2d 54) (1940); *Nelson v. Brown*, 174 Ga. 150, 154 (162 SE 276) (1932); *Wiley v. Martin*, 163 Ga. 381, 382 (2) (136 SE 151) (1926). The County tax commissioner properly assessed the property taxes for 1979-1981 against Albert West. Thus, the levy and sale in 1982 would certainly have been proper if Albert West still owned the property or if another private individual had acquired the property.

> If it is true that the property is bound for the taxes, it makes very little difference who the owner of that property is, or how a tax execution describes it, so it is done with sufficient definiteness to enable the levying officer to ascertain the property.

*Stokes v. State of Ga. & County of Lee*, 46 Ga. 412, 413 (2) (1872).

> It is not a fraud for the sheriff to sell for taxes, upon due levy and return to him by a constable, the same land which he had previously sold under a general *fi. fa.* against the same defendant; nor is it a fraud for any one to purchase at the tax sale though having full notice of the prior sale.

*Wilson v. Boyd*, 84 Ga. 34 (2) (10 SE 499) (1889).

*Steele v. City of Waycross*, 190 Ga. 816 (2) (10 SE2d 867) (1940) holds that, where property is subject to a lien for a special assessment and is sold to the City under an execution for general municipal taxes, the lien of the assessment is *not* extinguished and a purchaser from the City obtains title *subject* to the lien of such assessment. By analogy, the County's acquisition of the property here did not extinguish the valid tax liens merely because a county does not owe itself taxes on its own property. Compare *James v. Fla. Realty &c. Corp.*, 208 Ga. 652, 654 (2) (68 SE2d 601) (1952) (where the City acquired the property, not only before the tax sale and tax deed, but also *before* the years for which the relevant taxes were assessed). If the tax liens were not extinguished, then the County could still sell the property for taxes. It did so. Therefore, I submit that appellant has title to the property through the 1982 tax deed because it is undisputed that appellant properly complied with OCGA § 48-4-45, so that the right to redeem has been forever terminated and divested.

In my opinion, the equities in this case militate in appellant's

favor, under *Wilson v. Boyd*, supra. It was not a fraud for appellant to purchase the property at the tax sale, but it would be inequitable for the County to negate that valid sale through reliance upon the inapplicable provisions of OCGA §§ 36-9-2 and 36-9-3. Accordingly, I dissent to the judgment of affirmance.

DECIDED JANUARY 21, 1997.

*Sam G. Dickson*, for appellant.
*Gandy, Rice & Sundberg, Leon S. Gandy, Jr.*, for appellee.