## WAGENER, for use, etc., *v.* FORSYTH COUNTY.

1. Where one entered into a contract with the proper county authorities for the furnishing of material and for the building of a court-house, and the work contemplated by the contract was finished and accepted by the proper county authorities before the contract was entered on the minutes of the ordinary, such a contract was unenforceable until entered

on the minutes of the ordinary; but where this was done after. the completion of the work, in compliance with a judgment in mandamus proceedings instituted to compel the entry of the contract on the minutes, the defect resulting from a failure to enter the contract on the minutes before the work was begun or completed was cured, and the contract was enforceable by an action instituted thereon.

2. There were sufficient allegations in the petition, of the presentation of plaintiff's demand and claim against the county within the time prescribed by statute, and of the acceptance of the building erected under the contract sued on; consequently the grounds of general demurrer attacking the petition for the lack of such allegations should have been overruled.

SEPTEMBER 24, 1910.

Complaint. Before Judge Morris. Forsyth superior court. August 25, 1909.

Fred Wagener, who sued for the use of the Bank of Cumming, brought his petition against Forsyth County, alleging as follows: H. V. Jones, as ordinary of said county, being duly authorized under the law so to do, in behalf of the county entered into a contract in writing with petitioner, wherein it was agreed that the latter would furnish material and erect a court-house for said county, according to plans and specifications prescribed for the same, for $24,000, to be paid in instalments, and that the work should be completed and accepted as therein set out. Petitioner executed a bond for the faithful performance of his contract. He fully complied with the obligations of the contract, and delivered up the building to the ordinary in perfect repair, clean and in good condition, and free of all claims and liens whatsoever, in March, 1906, and it was accepted by the ordinary and the committee duly appointed on the part of the county, subject to certain additional work to be done on the upstairs floor, the plastering and columns, which additional work was completed to the satisfaction of the ordinary in May, 1906. The building has been occupied by the authorized officers of the county for all the purposes for which the same was intended, continuously since said date to the filing of the petition. In the progress of the work on the building, and in order to enable him to pay for the necessary material and labor therefor, petitioner gave to the Bank of Cumming orders upon the ordinary, requesting him to deliver to the said bank the county warrants falling due for the 4th, 5th, and 6th payments; upon the faith of which orders the bank furnished to petitioner the full amounts due him upon each of said payments; but the said or-

dinary refuses to pay to petitioner or to the Bank of Cumming the 6th and last payment due upon the contract, amounting to $3,600. Written demand for the county warrant covering said payment was presented to said defendant by said Bank of Cumming through its attorney on the 23d of March, 1907. Petitioner also sues for the additional sum of $165.00 for extra work done upon the building, consisting of putting a double floor both on the first and second stories, a steel ceiling instead of plastering overhead at the east entrance to the building, and substituting metal columns for wooden columns at the north, south, and west doors, all of which, it is alleged, was agreed upon and the price fixed before said work was commenced, as prescribed in the specifications furnished.

The defendant demurred upon the following among other grounds:. (1) No cause of action is set out. (2) Plaintiff is not entitled to any relief under the facts stated. (3) It doth not appear from said petition that the plaintiff's claim or demand was presented to the proper authorities of the county for payment within twelve months after it became payable. (4) It is not alleged that the contract sued upon was entered upon the minutes of the court of ordinary of said conty before the work thereunder was done. (5) The petition does not allege that the court-house was accepted by the ordinary of Forsyth county and its architects. (6) It is not stated when the contract was entered of record upon the minutes of the ordinary. (7) The petition does not set forth any facts which make this defendant liable for the extra work alleged to have been done by the plaintiff, it not being alleged that said work was let according to law.

*H. L. Patterson* and *H. H. Perry,* for plaintiff.

*J. P. Brooke* and *Hines & Jordan,* for defendant.

BECK, J. (After the foregoing statement.) As appears from the bill of exceptions and the judgment of the court, the plaintiff's petition was dismissed upon the general demurrer.

1. The contract with the county, relied on by the plaintiff as the foundation of his right to recover against defendant, was in writing, as is required by law, but it was not entered on the minutes, as prescribed in § 343 of the Political Code, before the work of erecting the court-house had begun, nor even during the progress of that work. Subsequently to the completion of the building and the delivery of it to the county authorities, a demand was made

upon the ordinary to enter the contract upon his minutes, and this demand was refused; whereupon application for mandamus was filed by the Bank of Cumming, the usee in the present case, which resulted in a mandamus absolute requiring the entry of the contract on the minutes, and in accordance with this order the contract sued on was actually entered on the minutes. All of which appears in the report of the case of *Jones* v. *Bank of Cumming,* 131 *Ga.* 614 (63 S. E. 36).

The controlling question in this case as it stands at present is, whether the entry of the contract on the minutes of the ordinary subsequently to the completion of the work provided for in the contract, at the command of the court in mandamus proceedings, could give to the party contracting with the county the same rights under the contract as if that contract had been entered on the minutes previously to the commencement of the work or during its progress. The court below was of the opinion that if the contract "is kept off the minutes until the contract has been fully executed and the work finished," it could not be enforced at the instance of the party contracting with the county. It has been repeatedly ruled that in a suit against the county upon a contract like this one an allegation that the same was in writing and had been entered on the minutes was necessary to the maintenance of the suit; but it has never been held, and nothing in the statute requires such a holding, that the contract could not be enforced where it has been entered prior to the time of bringing the suit for its enforcement, although the entry was not made before the commencement of the work or during its progress. In the case of *Jones* v. *Bank of Cumming,* supra, where the judgment of the court below granting mandamus absolute against the ordinary and requiring him to enter the contract in question upon his minutes was under consideration, Justice Lumpkin has collected the cases bearing upon the question of the validity of contracts with a county of the character of that involved in this case, and (p. 624), after reviewing them, says: "The statement that the object of the law requiring the entry of such contracts on the minutes is to give information easily accessible to the public, as to the character of contracts being made by the county authorities, is equally true, whether the provision as to entering on the minutes be treated as mandatory or directory. If the failure of the ordinary to enter

the formal written contract upon the minutes promptly rendered it wholly void, when did it become so? What would have been the effect if he had recorded it on the day after it was made, or some day soon thereafter? At what point did the failure of the ordinary to perform his duty, as the public may presume he will do, render his written contract an absolute nullity? If the contract was 'invalid' until recorded, only in the sense that it was not perfected or completed in matter of formal entry, so as to form a basis for a suit, could the county get the court-house and use it, and, when called on to pay, respond that its official made the contract in writing but failed to record it, and that if it should now be recorded it would still be a nullity? It was suggested that the contract might have been recorded at any time before the contractor began work, but if not then recorded, it became a nullity. The statute makes no such declaration, and prescribes no time within which the written contract remains inchoate and at the end of which it becomes null because not entered." And it seems to us that the conclusion from this argument, when it is considered in connection with other portions of the opinion from which it is taken, is, that the contract was not absolutely void or invalid before it was recorded, except "in the sense that it was not perfected or completed . . so as to form a basis for a suit;" and when that defect in the contract had been remedied, either by the voluntary act of the ordinary in entering it upon his minutes, or in entering it at the behest of the court, it might, if properly executed by parties having authority to execute it on the part of the county, and if complied with by the other contracting party, be enforced by him just as if it had been entered on the minutes of the ordinary before the commencement of the work. And while the precise question which we have under consideration here, as to whether or not the entry of the contract on the minutes of the ordinary in obedience to the writ of mandamus after the completion of the work provided for in the contract would have the effect to render the contract enforceable in an action based thereon, was not directly involved in the case of *Jones* v. *Bank of Cumming*, supra, the conclusion reached in that case, that mandamus should have issued to compel the entry of the contract on the minutes, is strongly persuasive and supports us in the conclusion which we have announced above; because, unless an entry of the contract

on the minutes of the ordinary cured the defect which prevented the enforcement of the contract, it would seem that a judgment ordering the entry, in mandamus proceedings, would have been entirely nugatory and vain, and the court would not have undertaken by a judgment to direct the performance of a vain act.

2. There were sufficient allegations in the petition, of the presentation of plaintiff's demand and claim against the county within the time prescribed by statute, and of the acceptance of the building erected under the contract sued on; consequently the grounds of general demurrer attacking the petition for the lack of such allegations should have been overruled.

The special demurrers were not passed upon by the court below, but, as stated above, the petition was dismissed upon grounds taken in the general demurrer, and the questions covered by the special demurrers are left open for determination by the court below.                    *Judgment reversed. All the Justices concur.*