### 23770. REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA
### *v.* BLANTON.

SUTTON, J. 1. A State, or any of its departments entering into contracts, lays aside its attributes of sovereignty, and binds itself substantially as one of its citizens does when he enters into a contract, and, in general, its contracts are interpreted as the contracts of individuals are, and are controlled by the same laws. Ohio L. Ins. Co. *v.* Debolt, 16 How. (U. S.) 416 (14 L. ed. 997); 42 L. R. A. (N. S.) 117, notes. Where there is an act of the State legislature authorizing a contract by a State department, the courts have power to enforce the contract against the State. Carr *v.* State, 127 Ind. 204 (26 N. E. 778, 11 L. R. A. 370, 22 Am. St. R. 624, notes).

(*a*) The intention of the State in making a contract, like that of a corporation, must be ascertained by the acts and declarations of its constituted authorities and agents acting within the scope of their duties, and the question of intent is peculiarly within the province of the jury. Patton *v.* Gilmer, 42 Ala. 548 (94 Am. D. 665).

(*b*) The "State" is only a corporate name for all the citizens within certain territorial limits. The whole people, acting as a public corporation, have a right to enter into contracts and make purchases. In doing so, however, they must act through some agency. Where an agreement is entered into by a State through an act of the legislature, the terms of the contract are to be found in the provisions of the act to which it owes its creation. The legislature may delegate this authority to make a contract to certain officers, or a public board or department of the State government; and the action of such delegated authority in the matter of making a contract is the action of the State. 25 R. C. L. 393, § 26.

(*c*) Valid usages concerning the subject-matter of a contract, with knowledge of which the parties are chargeable, are by implication incorporated therein, unless expressly or impliedly excluded by its terms; and are admissable to aid in its interpretation, not as tending in any respect or manner to contradict, add to, take from, or vary the contract, but upon the theory that the usage or custom forms a part of the contract. *Branch* v. *Palmer*, 65 *Ga.* 210; *Farmers Ginnery Co.* v. *Thrasher*, 144 *Ga.* 598 (87 S. E. 804). As stated by Judge Story, "The true and appropriate office of a usage or custom is, to interpret the otherwise indeterminate intentions of parties, and to ascertain the nature and extent of their contracts." The Reeside, 2 Sumn. 567, 569, 20 Fed. Cas. 11, 657.

2. The Board of Regents of the University System of Georgia is not a mere private corporation, but is an instrument of State for performing one of the functions of the government of the State of Georgia, to wit that of the education of its people. The said board is "charged with all of the duties, obligations, and responsibilities incumbent upon and/or pertaining to said former boards" (in this instance the former governing board of trustees of the Georgia School of Technology); and has the power to elect and appoint professors and instructors for the Georgia

School of Technology, a part of the University System of Georgia, and to fix the compensation of such teachers. Ga. L. 1931, pp. 23, 24, 25.

3. The primary purpose of the maintenance of a State system of education is to promote the general intelligence of the people constituting the body politic, and thereby to increase the usefulness and efficiency of the citizens thereof, on which the government of society depends. It has been said that the State is interested to have all its youth educated in order that they may become good and useful citizens thereof.

4. The position of a teacher or instructor in a State or public educational institution is not that of a public officer or official, but he is merely an employee thereof (*Board of Education* v. *Bacon*, 22 *Ga. App.* 72, 95 S. E. 753) ; a valid and authorized contract of employment for a year, between the State department having charge of its university system and a person, for the position of instructor of one of its branches, entered into for a specified salary per annum, such contract having legislative sanction, is enforceable against the State and should be performed by it according to its terms and provisions. Therefore it follows that a contract of employment entered into between the governing board of trustees of the Georgia School of Technology and the plaintiff, whereby the plaintiff was employed by said board as an instructor of the Georgia School of Technology for one year beginning September 1, 1931, and ending August 31, 1932, at $2,000 per annum, payable monthly, which was the usual and customary manner of hiring teachers and instructors for said institution, and under the act of August 28, 1931, known as the State government reorganization act (Ga. L. 1931, pp. 7, 20 et seq.), said board of trustees was abolished and the institution taken over by the Board of Regents of the University System of Georgia, a branch of the State government, on January 1, 1932, before this contract was fully performed, the regents were, under the provisions of said act, bound to perform said contract in accordance with the agreement made between the old board of trustees and the plaintiff, and pay to the plaintiff the salary agreed upon; and where, before the expiration of this contract, the plaintiff was duly elected and appointed by the regents for another year (1932-1933), as an instructor at said Georgia School of Technology, at $2,000 per annum, in the absence of any provisions in the contract of employment to the contrary, it would be presumed that the contract was to run for the same length of time and the payment of the salary was to be made in the same manner as the previous contract of 1931-1932, which was made in the usual and customary manner of teaching contracts between the governing authorities of said school and prospective teachers and instructors.

5. Therefore the trial court did not err, in a suit between the plaintiff and the regents to enforce full payment of salary by the latter under the alleged contract of employment made with the plaintiff, in admitting evidence as to the usual and customary manner of making contracts between the governing authorities of the Georgia School of Technology and prospective teachers, and as to the manner in which the per annum salary was paid to said teachers.

6. It follows that the judgment in the plaintiff's favor for two months'

604

salary was authorized by the law and the evidence, and that the trial judge did not err in overruling defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 22, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Harold Hirsch, Marion Smith, Hamilton Lokey, Sumter M. Kelley, Spalding, MacDougald & Sibley,* for plaintiff in error.

*Branch & Howard, Bond Almand,* contra.

ON MOTION FOR REHEARING.

SUTTON, J. It appears from the agreed statement of facts under which this case was tried, among other things, that the old Board of Trustees of Georgia School of Technology made contracts for teaching on a basis of an annual salary payable in twelve equal monthly installments for work beginning in September, 1931, and

ending in July, 1932, the first payment on the annual salary being in October, 1931, and the last payment on September 1, 1932; that the plaintiff was employed in the spring of 1931 to teach for the scholastic year, 1931-1932, at a salary of $2000, to be paid in twelve equal monthly installments, and that he entered into the performance of his work in September, 1931, and received his first check in October, 1931; that teaching contracts for the scholastic year, 1931-1932, were upon the basis of paying teachers' salaries in twelve equal monthly installments, beginning October 1, 1931, for teaching from September to June inclusive; that by the approval of the budget by the Board of Regents on June 3, 1932, the appointment of petitioner as instructor for the scholastic year, 1932-1933, for a salary of $2000 was approved; that plaintiff entered into the performance of his duties as instructor in September, 1932, and on October 1st the treasurer of Georgia School of Technology paid him one twelfth of his stipulated salary, or $166.66, and he continued to draw each month one twelfth of $2000 up to and through July 1, 1933; that plaintiff fully performed his duties as instructor for two scholastic years and his work was entirely satisfactory; that under the terms of the reorganization act of 1931, the Board of Regents assumed all valid and outstanding contracts of the old Board of Trustees of Georgia School of Technology, and the contract of employment between Georgia School of Technology and plaintiff for the scholastic year, 1931-1932, was assumed by the latter board; that for two years' work petitioner·has received the sum of $3666.68, and that if defendant owes him anything it owes him $333.32.

So it will be seen that plaintiff was to be paid the sum of $2000 under his contract with the old board of Georgia School of Technology for his services as an instructor, for work beginning in September, 1931, and ending in June, 1932, and that this contract of employment was assumed by the Board of Regents when it took over the management of Georgia School of Technology under the reorganization act, and that plaintiff fully performed his duties under that contract, and that his work was entirely satisfactory.

The budget for 1932-1933 shows that there was provided for the payment of plaintiff for acting as an instructor for the scholastic year, 1932-1933, the sum of $2000, and under the agreed statement of facts plaintiff fully and satisfactorily performed the duties

required of him under that contract and he entered upon the performance of his duties in September, 1932, and was paid the sum of $166.66 on October 1, 1932, and the same amount each month thereafter up to July 1, 1933. Plaintiff has been paid ten monthly payments of $166.66 each, aggregating the sum of $1666.68, leaving a balance of $333.32, which the defendant is still due plaintiff. It follows that the judgment in plaintiff's favor for two months' salary was authorized by the law and the evidence, and that the trial judge did not err in overruling the motion for new trial, as we have already held.                                              *Rehearing denied.*