### 38693. NATIONAL DISTRIBUTING COMPANY v. OXFORD, Commissioner.

FRANKUM, Judge. This suit was brought by the plaintiff against the State of Georgia, Dixon Oxford, State Revenue Commissioner, The Department of Revenue of the State of Georgia, and Georgia Industrial Realty Co., for damages resulting from water flowing from a broken tank of a commode, which

fixture was located in a building leased from the Georgia Industrial Realty Co. by the State for the purpose of warehousing whisky as provided by Chapter 58-10 of the Code of Georgia. The plaintiff alleges numerous acts of negligence against the defendants, contending that said acts resulted in damage to its property. The trial court sustained the general demurrers of the State of Georgia, Dixon Oxford, State Revenue Commissioner, and the Department of Revenue, which ruling the plaintiff contends was erroneous. The trial court did not err in sustaining the general demurrers. The State cannot be sued except by its express consent or by a constitutional provision. *Barwick v. Roberts,* 192 Ga. 783 (16 S. E. 2d 867); *Holcombe v. Ga. Milk Producers' Confederation,* 188 Ga. 358 (3 S. E. 2d 705); *Roberts v. Barwick,* 187 Ga. 691 (1 S. E. 2d 713). There is no allegation in the petition to show the plaintiff has a right to sue the State. *Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350 (21 S. E. 2d 216). Furthermore, a suit cannot be maintained against a State official in his individual capacity as a means to sue the State. The allegations of the petition are insufficient to set forth a cause of action against Dixon Oxford as an individual. *Musgrove v. Ga. R. & Bkg. Co.,* 204 Ga. 139 (49 S. E. 2d 26); *Fleisher v. Duncan,* 195 Ga. 309 (24 S. E. 2d 15). A waiver of immunity to a suit by a state can only arise from a provision of its constitution (*Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350, 21 S. E. 2d 216), or from an act of its legislature (*Georgia Public Service Commission v. Atlanta Gas Light Co.,* 205 Ga. 863, 55 S. E. 2d 618; *Musgrove v. Ga. R. & Bkg. Co.,* 204 Ga. 139, 49 S. E. 2d 26; *Roberts v. Barwick,* 187 Ga. 691, supra; *Thompson v. Continental Gin Co.,* 73 Ga. App. 694, 37 S. E. 2d 819). As the petition has shown no right whereby the plaintiff may maintain an action against the State, and as we construe the petition as a tortious action against the State, the trial court did not err in sustaining the general demurrers.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED JANUARY 19, 1961.

*Dudley Cook,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Assistant Attorney-General, Robert W. Goodman, Deputy Assistant Attorney-General,* contra.