## 53281. MEADOWS MOTORS, INC. v. DEPARTMENT OF ADMINISTRATIVE SERVICES.

ARGUED JANUARY 7, 1977 — DECIDED JANUARY 18, 1977 — REHEARING DENIED FEBRUARY 8, 1977 —

*Elliott & Turner, Tyron Elliott,* for appellant.

*Arthur K. Bolton, Attorney General, Melvin M. Goldstein, Staff Assistant Attorney General,* for appellee.

DEEN, Presiding Judge.

1. The doctrine of sovereign immunity means no more than that a suit cannot be maintained against the state without its consent. *Koehler v. Massell,* 229 Ga. 359, 361 (191 SE2d 830). The doctrine is as applicable to actions ex contractu as it is to actions ex delicto. *Georgia Military Institute v. Simpson,* 31 Ga. 273, 277; *Crowder v. Dept. of State Parks,* 228 Ga. 436, 440 (185 SE2d 908). How is the state's "consent" to suit determined? "The State can not be sued in any event without its *express consent." Roberts v. Barwick,* 187 Ga. 691 (1) (1 SE2d 713). (Emphasis supplied.) *Eibel v. Forrester,* 194 Ga. 439 (22 SE2d 96); *National Distributing Co. v. Oxford,* 103 Ga. App. 72 (118 SE2d 274).

The fly in this judicial ointment is *Regents of the University System v. Blanton,* 49 Ga. App. 602 (1) (176 SE 673): "A State, or any of its departments entering into contracts, lays aside its attributes of sovereignty, and binds itself substantially as one of its citizens does when he enters into a contract, and, in general, its contracts are interpreted as the contracts of individuals are, and are controlled by the same laws." This theory, that by merely entering into a contract the state "impliedly" consents to suits against itself thereon, is in direct opposition to the theory that " 'whoever contracts with the State trusts to the good faith of the State, unless the State sees fit to disrobe itself of its sovereignty.' . . a very simple and brief enactment of the legislature giving this consent is all that is required to permit a suit against the State." *Roberts v. Barwick,* 187 Ga. 691, 694, supra.

Some light has been shed on the *Blanton* opinion and its theory of "implied" consent or waiver of immunity in *Busbee v. University Professors,* 235 Ga. 752 (221 SE2d 437); therein the Supreme Court affirmed the correctness of the decision in *Blanton,* that the Regents are amenable to suits ex contractu, but based its conclusion not on the *Blanton* theory of "implied" consent but rather

on an "express legislative waiver of sovereign immunity." Thus no matter whether we view the decision in *Blanton* as "too narrow" in failing to consider the legislative import of Ga. L. 1785, p. 560, or too broad in giving sanction to a theory of "implied" consent, the *Blanton* decision now stands solely for the result it reached and not for legal theory employed in so doing.

At the time *Blanton* was decided the Regents *were* amenable to suit because there was an *express* legislative waiver of the Regents' sovereign immunity (*Busbee v. University Professors,* 235 Ga. 752, 758, supra); the present immunity of the Regents is established by Ga. L. 1976, p. 452. After the decision in *Busbee* (and perhaps even before — see *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822, 825 (143 SE2d 500)) the theory of "implied" consent by the state to suits ex contractu is no longer viable; there must be an express consent to the action or express legislative waiver of sovereign immunity to maintain a suit against the state. This is apparently the opinion of the entire Supreme Court, the two dissenters in *Busbee* disagreeing with the majority only as to whether there had in fact been an express waiver.

2. The appellee is a state agency. There being no express legislative waiver of the appellee's sovereign immunity from suit, the trial court's order granting the motion to dismiss is affirmed.

*Judgment affirmed. Webb and Marshall, JJ., concur.*