### 56541. DeKALB COUNTY v. SCRUGGS et al.

WEBB, Judge.

This litigation arises out of a construction contract entered into by DeKalb County, as owner, and CFI Construction Company of Georgia and another, as contractor, on AIA Document A101, Standard Form of Agreement Between Owner and Contractor,

"Where the basis of payment is a
Stipulated Sum."

Scruggs, a painting subcontractor, brought suit against CFI, the county, and others, demanding payment of the balance of his subcontract price, whereupon CFI cross claimed against the county for the balance due under the principal contract. At the call of the trial calendar CFI amended its cross complaint by adding a second count in which recovery was sought in implied contract "for valuable services rendered to the defendant DeKalb County which services were accepted by said defendant as the basis of quantum meruit." Other claims and other parties were also involved in the litigation.

The trial court denied the county's motion for directed verdict as to CFI's cross claim against it in implied contract, and the jury returned a general verdict against it without specifying whether recovery was awarded under the express contract count or the implied contract count. Motions for judgment n.o.v. and for new trial were similarly overruled, and the county appeals. Error is also enumerated upon a judgment for Scruggs. We reverse in both instances.

1. "Where there is a special contract between the parties, a recovery on quantum meruit cannot be had." *Thomas McDonald & Co. v. Elliott*, 92 Ga. App. 409, 410 (88 SE2d 440) (1955). "A county is not liable to suit for any cause of action unless made so by statute," Code §

23-1502, and in order for a county to be liable in contract there must be authorized, written contract, and it must be entered on the minutes. Code § 23-1701; *Lasky v. Fulton County,* 145 Ga. App. 120 (243 SE2d 330) (1978); *Hancock County v. Williams,* 230 Ga. 723 (198 SE2d 659) (1973); *Hatcher v. Hancock County,* 239 Ga. 229 (236 SE2d 577) (1977) and cits. Consequently it was error to allow CFI to proceed in implied contract, and a new trial is ordered. CPA § 50 (e) (Code Ann. § 81A-150) (e)).

2. The theory of Scruggs' recovery against the county is unclear. It is urged in his brief that although his contract was with CFI, he could nevertheless recover against the county as a third-party beneficiary of the contract between it and CFI. If that were so then his judgment would appear to be subject to the fortunes of CFI's judgment; and Scruggs has indicated that in the event CFI's judgment were to fall, then he will be content with his judgment against others and prefers the granting of final judgment against him in accordance with the county's motion for directed verdict and judgment n.o.v. as to his claim. It is so ordered. CPA § 50 (e), supra.

3. While the county contends that its contract with CFI was plain and unambiguous and should not have been submitted to the jury for resolution, we have not been enlightened as to the construction contended for or where it might find support in over 100 pages of contract documents. Rule 18 (c) (3), this court. Consequently we have nothing to review, as we will not expound upon theoretical law as to the general rules of contract construction. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966).

4. Remaining enumerations of error are rendered moot by the above rulings.

*Judgment reversed with direction. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 28, 1978 — REHEARING DENIED OCTOBER 25, 1978 —

*Harvey, Willard, Elliott & Olsen, Wendell K. Willard,* for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Nicholas E. Bakatsas, Mark Weber, Thomas S. Bentley,* for appellees.