34600, 34638. PMS CONSTRUCTION COMPANY, INC. et al. v DeKALB COUNTY et al.; and vice versa.

HALL, Justice.

This case is before us on writs of certiorari from the decision of the Court of Appeals. The original suit grew out of a contract between DeKalb County and PMS Construction Company for the construction of a tennis center. William Howell & Associates performed at least some architectural work on the center and Mayer & Associates performed the engineering work. After PMS had begun construction, DeKalb County terminated the contract on the advice of Mayer & Associates and Howell & Associates. PMS sued DeKalb County for breach of contract seeking specific performance (Count 1), the reasonable value of its work (Count 2) or damages (Count 3) and for the taking of property without compensation (Count 6). PMS also sued the architectural and engineering firms for tortious interference with contractual rights (Count 4). DeKalb County counterclaimed against PMS for damages and filed a separate suit for specific performance. The trial court granted summary judgment against all defendants on the issue of liability only.

On appeal, the Court of Appeals reversed the grant of summary judgment as to the architectural firm (Div. 2). The Court of Appeals also held that DeKalb County had waived any defense of sovereign immunity on the contractual claim (Div. 1) but that a county may not be sued in quantum meruit (Div. 4). The Court of Appeals found that DeKalb County's counterclaim for damages should be submitted to the jury (Div. 5) as well as the issue of contractual novation or waiver by PMS, the engineering firm and the County (Div. 3). We granted certiorari to consider only Divisions 1 and 4. We agree

with the Court of Appeals that DeKalb County has no sovereign immunity but for a different reason. We also find that while a county may not be sued on a theory of implied contract, restitution may be used as the measure of damages.

1. Code Ann. § 23-1501 provides that "[e]very county is a body corporate, with power to sue and be sued in any court," while Code Ann. § 23-1502 provides that "[a] county is not liable to suit for any cause of action unless made so by statute." This court has long construed these two statutes as permitting suits against counties based on contracts made pursuant to legislative authorization. *Hancock County v. Williams*, 230 Ga. 723 (198 SE2d 659) (1973); *Deason v. DeKalb County*, 222 Ga. 63 (148 SE2d 414) (1966); *Decatur County v. Praytor, Howton & Wood Contracting Co.*, 163 Ga. 929 (137 SE 247) (1927); *Wagener v. Forsyth County*, 135 Ga. 162 (68 SE 1115) (1910); *Harris County v. Brady*, 115 Ga. 767 (42 SE 71) (1902). The contract for the building of a tennis center is authorized by Code Ann. § 69-602, which permits counties to use county funds for "parks, playgrounds, [and] recreation centers." The county may, therefore, be sued on this contract. The Court of Appeals erred in its Division 1 by assuming that no legislative authorization for a suit against a county on an express contract exists.

PMS may not recover unless DeKalb County has breached an authorized written contract, entered on the minutes. Code Ann. § 23-1701. PMS did not allege in its complaint that the contract had, in fact, been entered on the minutes. Under the technical rules of pleading in force prior to the adoption of the Civil Practice Act, a complaint without this allegation was subject to a general demurrer. E.g., *James v. Douglas County*, 131 Ga. 270 (62 SE 185) (1907). This pleading requirement has not survived passage of the CPA. Code Ann. § 81A-108. Although a plaintiff may not recover from a county on a contract unless the contract is on the minutes, this is a matter of proof at trial and not a matter of pleading. If the contract is now on the minutes, PMS need only show this at trial. If the contract has not yet been entered on the minutes, PMS is, of course, entitled to amend its complaint to seek mandamus for entry of the contract on the minutes.

*Southern Airways Co. v. Williams,* 213 Ga. 38 (96 SE2d 889) (1957); *Weathers v. Easterling,* 153 Ga. 601 (113 SE 152) (1922).

2. PMS in its suit against DeKalb County for breach of contract asked for the reasonable value of work performed and materials furnished as an alternative remedy. The Court of Appeals denominated this count as "quantum meruit" and disallowed it, citing *DeKalb County v. Scruggs,* 147 Ga. App. 711 (250 SE2d 159) (1978).

We agree with the Court of Appeals that a plaintiff must prove an express contract with the county in order to recover for breach of contract and that no recovery may be had for an implied contract, called "quantum meruit" by the Court of Appeals. When one party furnishes and another accepts valuable services, the law generally imposes a duty to pay, regardless of the intention of the parties. This theory of recovery is not available when a county is the defendant. This result is dictated by the statutory requirements for establishing a contract with a county. See Code Ann. § 23-1701 and Division 1.

We do not, however, read Count 2 of the complaint as an attempt by PMS to recover for implied contract. Instead, we read Count 2 as seeking the value of work performed and materials provided as an alternative remedy for breach of an express contract. This remedy is called restitution. Restitution, damages and specific performance are the three remedies for breach of contract. 5 Corbin on Contracts §§ 1102-1121 (1951).

The object of giving damages to the plaintiff is to put him in as good a position as if the defendant had fully performed the contract. The usual measure for such damages is stated in *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840 (207 SE2d 241) (1974). See 5 Corbin on Contracts § 1094 (1951). The object of the remedy of restitution is to return the injured party to the position he occupied *before* his performance, i.e. to restore him to the pre-contract status quo. Restitution "is as truly a remedy for 'breach' as is a judgment for damages." 5 Corbin on Contracts § 1104 (1951). Restitution is an alternative remedy which entitles a party whose express contract has been breached or repudiated to recover the reasonable

value of materials furnished and services rendered, measured as of the time of performance, if certain conditions are met. Restatement of Contracts, §§ 348-57 (1932). See *Decatur County v. Praytor, Howton & Wood Contracting Co.,* 163 Ga. 929 (3), supra.

Counts 1, 2 and 3 all relied upon breach of an express contract and merely sought alternative remedies — specific performance, restitution or damages. The decision of the Court of Appeals requiring proof of an express contract between the county and contractor is affirmed. Insofar as the decision intimates that restitution is an inappropriate remedy for breach of an express contract, it is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., and Hill, J., who concur specially.*

ARGUED APRIL 9, 1979 — DECIDED JULY 2, 1979.

*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellants (Case No. 34600).

*George P. Dillard, Gail C. Flake,* for appellants (Case No. 34638).

*Bost & Ivy, William L. Bost, Jr., Katz, Weismann & Loftis, Donald A. Weismann, J. Larry Palmer, Robert H. Stringer,* for appellees.

HILL, Justice, concurring specially.

Our Constitution provides that counties shall have "such powers and limitations as are provided in this Constitution and as prescribed by law." Code Ann. § 2-5801. Our law provides that "[a] county is not liable to suit for any cause of action unless made so by statute." Code Ann. § 23-1502. Another Code section, § 23-1701, prescribes that contracts entered into in behalf of counties shall be in writing and entered on the minutes. It does not provide that a county is liable to suit on such contracts.

However, the majority cite several cases for the proposition that a county may be sued on contracts made pursuant to legislative authority. That is to say that the legislature, by authorizing counties to contract, and the

counties by contracting, have impliedly waived the counties' sovereign immunity. As was stated in *Decatur County v. Praytor, Howton & Wood Contracting Co.,* supra, 163 Ga. at 934: "Whenever a county . . . is authorized by statute to contract, and in pursuance of such power does contract, then an action will lie against it to enforce such liability, or to enforce any rights growing out of such contract, although there is no statute expressly authorizing the bringing of an action for such purpose."

On the other hand, there are decisions saying that sovereign immunity can be waived only by express consent of the state, e.g., *Roberts v. Barwick,* 187 Ga. 691 (1) (1 SE2d 713) (1939); i.e., there can be no implied waiver of sovereign immunity. It is true that the *Decatur County* case, supra, dealt with a county while the *Roberts* case, supra, dealt with the Commissioner of Agriculture. On the other hand, one would expect that the sovereign immunity rule requiring express waiver, or allowing implied waiver, would be the same for all sovereigns (if sovereigns they be). See my dissent in *Miree v. United States,* 242 Ga. 126, 137 (249 SE2d 573) (1978).

I believe the majority has correctly found that there can be (and was here) an implied waiver of sovereign immunity. As was said in *Regents of the University System of Ga. v. Blanton,* 49 Ga. App. 602 (1) (176 SE 673) (1934): "A State, or any of its departments entering into contracts, lays aside its attributes of sovereignty, and binds itself substantially as one of its citizens does when he enters into a contract, and, in general, its contracts are interpreted as the contracts of individuals are, and are controlled by the same laws. . . Where there is an act of the State legislature authorizing a contract by a State department, the courts have power to enforce the contract against the State." Cf. *Meadows Motors, Inc. v. Dept. of Administrative Services,* 141 Ga. App. 224 (233 SE2d 14) (1977).

For the reasons stated in *Miree,* supra, I concur in the judgment.

I am authorized to state that Chief Justice Nichols joins in this special concurrence.