## 59093. DICKENS v. STATE OF GEORGIA.

BIRDSONG, Judge.

Attorney fees. Legare, an indigent, was tried for murder, armed robbery and burglary. The trial court appointed counsel (appellant Dickens) to defend Legare. The evidence shows that the trial preparation and the trial itself consumed approximately 175 hours of appointed counsel's time. Dickens offered evidence that if the defendant had been non-indigent, the fee would have been $10,000 and that reasonable attorney fees for the days and time spent in preparation and trial of the case warranted a fee of $9,114. The trial court awarded a fee of $1,157 which included out-of-pocket expenses and fee. Appointed counsel filed an appeal contesting the fee awarded as being unreasonable. This court remanded the case to the trial court for a specific finding of fact as to whether the case involved protracted representation *due to extraordinary circumstances. Dickens v. State,* 147 Ga.

App. 25, 26 (248 SE2d 36).

Upon remand for remittitur judgment, the trial court conducted a hearing and concluded that though Dickens performed his duties in an extraordinary manner and that the case was indeed a case of a protracted nature, considering that there were three charges, two of a capital nature, with numerous pretrial hearings, and the state was seeking the death punishment, the time spent by counsel on the case was not protracted due to any extraordinary circumstances. The trial court reaffirmed its award of $1,157 as reasonable fees and reimbursement of out-of-pocket expenses. Dickens brings this appeal enumerating as error the findings of fact by the trial court that this was not a protracted case due to extraordinary circumstances and that the award of only $1,157 is unreasonable as a matter of law and in disregard of Ga. L. 1968, pp. 999, 1002 (Code Ann. § 27-3204) wherein the Georgia Criminal Justice Act authorized the award of *reasonable* attorney fees following defense of an indigent defendant. *Held:*

1. Considering the enumerations in inverse order, the second enumeration impliedly was decided adversely to Dickens' contention at the first appeal of this case. This court there held: "The Baldwin Superior Court rule pertaining to representation of indigent defendants, promulgated January 2, 1975, provides for compensation on a maximum flat-fee basis by category of crime and manner of disposition. The rule also authorizes the trial judge to approve compensation in addition to the fee schedule where there is protracted representation due to extraordinary circumstances. This rule appears to be consistent with the Georgia Criminal Justice Act codified in Code Ann. Ch. 27-32." *Dickens v. State,* supra, p. 26. Whether or not the fee schedule established by the judges of the Ocmulgee Judicial Circuit is reasonable (as opposed to being in compliance with the statute), is a matter best addressed to the legislature for the purpose of setting minimum fees. This enumeration is without merit.

2. In his first enumeration of error, Dickens asks this court to hold as a matter of law that the trial court erred in concluding that the protraction of the litigation was not the result of extraordinary circumstances. This we

decline to do. The trial court in such circumstances acts as the trier of fact. The trial court was in the best position to determine the complexity and extraordinariness of a case of any particular nature, for the court is best aware of the numerous factors that must be considered in determining whether a particular case is "extraordinary." The trial court in this case conducted a hearing and after comparing all the matters advanced by Dickens as being involved in the defense of Legare with those involved in other "death" cases, concluded as a matter of fact and law that the Legare case was not protracted because of extraordinary circumstances. With reference to actions in superior court upon the facts without a jury, it has been held consistently that even though the findings of fact contended for by the appellant would have been authorized by the evidence presented, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378); *State v. Tuzman,* 145 Ga. App. 481, 483 (243 SE2d 675). Under such circumstances, we will not substitute our judgment for that of the trial court. This enumeration also lacks merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED FEBRUARY 27, 1980 — REHEARING DENIED MARCH 12, 1980 — 

*Joe O. Mangum, III,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.