## 60501. NATIONAL DISTRIBUTING COMPANY, INC. et al. v. DEPARTMENT OF TRANSPORTATION et al.

McMurray, Presiding Judge.

The Department of Transportation of the State of Georgia, acting by and through its deputy commissioner, as grantee, entered into an agreement with National Distributing Co., Inc., and others, as grantors, with reference to what is delineated as a "Soil Easement." The grantors, for and in consideration of $1.00, together with other good and valuable considerations, did "give, grant, bargain, sell, transfer, convey and confirm unto the Grantee, its successors and assigns, absolutely, subject only to the conditions of this instrument, the right, easement, and interest in property to go in and upon the lands and property of Grantor[s] for the purpose of excavating and removing from said property, as well as the right to excavate and remove from said property . . ." certain materials (soil, sand, dirt, stone, gravel, etc.) from a material pit otherwise known as a borrow pit. The grantors executed the instrument under seal "the day and year first above written." No date is shown under Item 1 as to when it was signed by the grantors but same was recorded in the Clerk's Office, Superior Court of Fulton County, on March 29, 1977. Material payment from the property therein described was 10 cents a cubic yard. The value of the estimated quantity to be removed was shown at $31,500. The expiration date of the easement was "3-1-78," the same to continue "in force and effect until midnight of the expiration date." In clause 2 of the instrument, the grantee agreed to pay for the materials actually removed (10 cents a cubic yard), "except that in the event the Grantee, its successors and assigns, uses only a portion of the materials shown herein to be available or clears or partially clears or causes to be cleared or partially cleared the area to be used, minimum payment shall be 33 1/3% of the value [$31,500] declared in Item 7."

The instrument might be accepted for and on behalf of the Department of Transportation only by the deputy commissioner thereof. It was thereafter accepted by Emory C. Parrish, apparently as deputy commissioner, upon the recommendation of Albert S. Mosely, as "Div. Dir."

The instrument contained certain special conditions stating therein that anything to the contrary notwithstanding, grantee, "its authorized successors and assigns, will remove from the subject site not less than a minimum of 200,000 cubic yards," and provided for a maximum as well. Further, upon completion of the "grading, sloping and grassing comtemplated hereby, and not later than the termination of the easements herein granted, Grantee shall deliver . . .

for the use and benefit of Grantor[s], at no cost to Grantor[s], a final topographic map showing the subject site, as graded and sloped, . . ." to a certain scale based upon 2 foot contours. The instrument also provided for assignment by the grantee, provided, however, that "no such assignment shall relieve Grantee of its obligations hereunder, and following any such assignment Grantee shall continue liable, jointly and severally with such assignee, for the performance of all obligations imposed upon Grantee hereunder . . ."

This instrument was later assigned to a general contractor, C. W. Matthews Contracting Company, Inc., to be used in the performance of its highway contract. However, the contractor might use its own borrow pit if it so desired. The contractor so advised later that it had no intention of using this assigned borrow pit and would use its own borrow pit in the performance of its contract. No use of the property was ever made by the Department of Transportation or its assignee. Upon inquiry at a later date, the Department of Transportation so advised grantors of this fact.

Whereupon, on May 1, 1978, grantors brought this action against the Department of Transportation of the State of Georgia, alleging the breach thereof as to the failure to remove from the property the minimum amount of the cubic yards (200,000) agreed upon. They also alleged that it failed to grade and slope the subject property according to the contract or revegetate the subject property according to the specifications described therein or to prepare and deliver the topographic survey as set forth. Plaintiffs sought by reason of the breach, the sum of $20,000 agreed upon for the minimum of 200,000 cubic yards of earth which defendant agreed to remove; the sum of $418,905 as the reasonable cost to plaintiffs of employing a contractor to remove the said 200,000 cubic yards of earth from said property and to grade and slope said property in the manner provided in the contract; the sum of $31,563 as a reasonable cost of revegetating said property in accordance with said contract, and the sum of $2,000 as the reasonable cost of preparing a topographic map showing said property as graded and sloped.

Defendant answered, denying the claim and adding defenses of failure to state a claim upon which relief can be granted; sovereign immunity which had not been waived, either expressly or by implication; lack of jurisdiction over the person or subject matter by reason of the failure to waive sovereign immunity, although admitting it was subject to the jurisdiction of the court and service of process could be served personally upon the commissioner at his office in the State Highway Building, Atlanta, Georgia.

Defendant, as third party plaintiff, then sued the general contractor, C. W. Matthews Contracting Company, Inc., as a third

party defendant. The third party defendant filed responsive pleadings, denying its liability by filing numerous defenses and separate counts with reference to the contract it had entered with the defendant (third party plaintiff) and, in particular, set forth the special provisions with reference to the use of said borrow pit which was optional and not mandatory in that the contractor might substitute its own pit but if the borrow pit were used the contractor was to adhere strictly to the terms and conditions thereof.

After considerable discovery, both the plaintiffs and defendant Department of Transportation of the State of Georgia moved for summary judgment as to liability only. The motion of the defendant Department of Transportation on the question of liability was granted, and the motion for summary judgment of the plaintiffs as to liability was overruled. Plaintiffs appeal. *Held:*

1. Generally, the state and its political subdivisions are protected by the doctrine of sovereign immunity in the performance of governmental functions. See *Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627); *Miree v. United States,* 242 Ga. 126, 133 (249 SE2d 573); *Hennessy v. Webb,* 245 Ga. 329, 332 (264 SE2d 878) *Holloway v. Dougherty County School System,* 157 Ga. App. 251.

2. But the Constitution of Georgia of 1976 as found in Art. VI, Sec. V, Par. I, Code Ann. § 2-3401, provides for waiver of immunity of the state from suit as "is now or may hereafter be provided by act of the General Assembly."

The Department of Transportation, consisting of the State Transportation Board, the Commissioner of the Department of Transportation, the Deputy Commissioner of the Department of Transportation, State Highway Engineer, the Treasurer and the Assistant Treasurer of the Department of Transportation, and such subordinate employees as may be deemed necessary by the commissioner, may sue and be sued "in such actions as are permitted by law." Code Ann. § 95A-304 (Ga. L. 1973, pp. 947, 983; 1974, pp. 1422, 1428); and in general Code Ch. 95A-3 (Ga. L. 1973, p. 947, et seq., as amended).

3. The primary issue presented before this court is the applicability of the doctrine of sovereign immunity. Since the ratification of the Constitution of 1976 (Code Ann. § 2-3401; Art. VI, Sec. V, Par. I; formerly Constitution of 1945, Code Ann. § 2-3710) the doctrine of sovereign immunity has been vested with constitutional status and applies to any suit against the state unless there is an express statutory waiver of sovereign immunity. *Echols v. DeKalb County,* 146 Ga. App. 560, 561-562 (247 SE2d 114). We must determine whether Code Ann. § 95A-304, supra, constitutes such a waiver of sovereign immunity.

The plaintiffs contend that the language of Code Ann. § 95A-304, supra, expresses the General Assembly's intent to continue a long recognized waiver of immunity ex contractu against the Department of Transportation. In support of this argument plaintiffs cite a number of decisions of this court and the Supreme Court of Georgia containing language apparently expressing a recognition of the permissibility of suits ex contractu against the Department of Transportation.

Reference is also made to the inclusion of venue provisions for ex contractu actions in the language of Code Ann. § 95A-304 (b), supra. However, the action in the case sub judice can not be maintained under the authority of Code Ann. § 95A-304 (b), supra, which is a venue statute only. See *State Hwy. Dept. v. Barrett,* 124 Ga. App. 703 (2) (185 SE2d 624), decided in relation to former Code Ann. § 95-1619 (Ga. L. 1950, pp. 62, 70), the predecessor of Code Ann. § 95A-304 (b), supra, and repealed by Title 95A, the present Georgia Code of Public Transportation.

The Department of Transportation does not dispute that the language of Code Ann. § 95A-304 (a), supra, that it "may be sued in such actions as are permitted by law" requires reference to previously recognized circumstances to determine the extent to which specific actions are encompassed in this legislative expression. See in this regard *Andrews v. Dept. of Transp.,* 133 Ga. App. 78 (1) (210 SE2d 30). The Department of Transportation, however, seeks to escape the broad conclusion expressed by the plaintiffs as to the availability of ex contractu actions by distinguishing previous decisions as involving either inverse condemnation or implied waiver of sovereign immunity.

In *Regents of the University System of Ga. v. Blanton,* 49 Ga. App. 602 (1) (176 SE 673), this court stated that "A State, or any of its departments entering into contracts, lays aside its attributes of sovereignty, and binds itself substantially as one of its citizens does when he enters into a contract, and, in general, its contracts are interpreted as the contracts of individuals are, and are controlled by the same laws." This theory of implied consent by the state to suits ex contractu has been held by this court, after the decision of the Supreme Court in *Busbee v. Ga. Conference,* 235 Ga. 752 (221 SE 2d 437), to be no longer viable. *Meadows Motors v. Dept. of Administrative Serv.,* 141 Ga. App. 224, 226 (1) (233 SE2d 14). See also *Goolsby v. Regents of the Univ. System,* 141 Ga. App. 605 (234 SE2d 165).

In light of *Meadows Motors v. Dept. of Administrative Serv.,* 141 Ga. App. 224, 226 (1), supra, a number of the cases cited by plaintiffs as showing a waiver of sovereign immunity in ex contractu actions

must be disregarded and viewed as implicitly overruled insofar as they are predicated upon the concepts of implied waiver of immunity set forth in *Regents of the Univ. System of Ga. v. Blanton,* 49 Ga. App. 602 (1), supra. Such cases include *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822, 825 (1) (143 SE2d 500), which is directly predicated in part on *Regents of the Univ. System of Ga. v. Blanton,* 49 Ga. App. 602 (1), supra. Likewise, *Hewitt Cont. Co. v. State Hwy. Dept.,* 113 Ga. App. 770 (1) (149 SE2d 735), and *State Hwy. Dept. v. Knox-Rivers Const. Co.,* 117 Ga. App. 453, 462 (5) (160 SE2d 641), are predicated upon our decision in *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822, 825 (1), supra. We note that the line of cases thus initiated by *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822, 825 (1), supra, is not predicated solely upon the concept of implied waiver of sovereign immunity. Additional cases unrelated to the decision in *Regents of the University System of Ga. v. Blanton,* 49 Ga. App. 602 (1), supra, were cited to support the proposition that the Department of Transportation could be sued on its contracts.

Code Ann. § 2-301 (Constitution of 1976, Art. I, Sec. III, Par. I) provides in part "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid, . . ." The Department of Transportation argues that those supposedly ex contractu actions involving taking, damaging or wrongfully withholding a citizen's property were, without regard to the language relating to the waiver of sovereign immunity as to ex contractu actions, sustained as being permissible under Code Ann. § 2-301, supra.

The cases which need to be examined in relation to the Department of Transportation's inverse condemnation argument are the three cases cited in *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822, 825 (1), supra, for the proposition that the Department of Transportation is subject to being sued on its contracts, but which are not predicated upon the implied waiver of immunity concept set forth in *Regents of the Univ. System of Ga. v. Blanton,* 49 Ga. App. 602 (1), supra. *State Hwy. Dept. v. MacDougald Const. Co.,* 54 Ga. App. 310 (1) (187 SE2d 734), held that the Department of Transportation is amenable to an action ex contractu for money had and received belonging to any person entitled to its return who paid it in making a bid for construction of a state highway. *Perkerson v. State Hwy. Bd.,* 56 Ga. App. 316 (2) (192 SE 475), deals with the amenability of the Department of Transportation to suit where it takes or damages private property for public use without just compensation and *State Hwy. Dept. v. Marsh,* 214 Ga. 693 (107 SE2d 179), involves an action to enforce an agreement in which the

Department of Transportation was to move plaintiff's house as a portion of the compensation for plaintiff's having deeded the right of way over his land to the Department of Transportation. Clearly each of these cases involves a cause of action authorized under the constitutional prohibition, against a taking of private property without just and adequate compensation, set forth in Code Ann. § 2-301, supra.

The parties have cited no case in which an action ex contractu is allowed against the Department of Transportation in the absence of such constitutional authority. That an action ex contractu is a correct procedural form by which to assert a constitutionally authorized action against the Department of Transportation, does not permit an inference that all actions ex contractu are thus authorized. The legislature must be presumed to have viewed the existing law at the time of the enactment of Code Ann. § 95A-304, supra, by an examination of the facts of the cases then written.

The overbreadth of language suggesting that a general waiver of sovereign immunity existed as to actions ex contractu against the Department of Transportation must be presumed to have been recognized, as the facts set forth in the relevant cases fail to support that conclusion. Disregarding dicta it is evident that the sovereign immunity of the Department of Transportation is pierced by the constitutional right insofar as required by Code Ann. § 2-301, supra, but, as determinative to the case sub judice, no support exists for the argument that a waiver of sovereign immunity exists for an ex contractu action against the Department of Transportation which is not predicated upon Code Ann. § 2-301, supra. The cause of action in the case sub judice is not within the purview of Code Ann. § 2-301, supra, nor within any express waiver of sovereign immunity. Consequently, as was so aptly stated by Presiding Judge Deen in *C.F.I. Const. Co. v. Bd. of Regents of the Univ. System of Ga.,* 145 Ga. App. 471, 474 (3) (243 SE2d 700), a citizen of Georgia who contracts with the state or one of its governmental subdivisions may find the "contract not worth the paper it is written on unless the political subdivision concerned in its infinite benevolence sees fit to honor its obligations," unless there is an express waiver of sovereign immunity. Therefore, the trial court was correct in granting summary judgment in favor of the Department of Transportation on the issue of liability.

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED FEBRUARY 3, 1981 —
REHEARING DENIED MARCH 5, 1981 — 

Breach of contract, etc. Fulton Superior Court. Before Judge Daniel.

*Kevin B. Buice, George B. Haley,* for appellants.

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Roland F. Matson, Michael E. Hobbs, Assistant Attorneys General, William T. Gerard,* for appellees.