## 62741. NEELY v. RICHMOND COUNTY.

CARLEY, Judge.

Appellant is an attorney. Appellee filed suit against appellant to recover $3,652, alleging that he had overcharged appellee in that amount for representation of indigent defendants in the State Court of Richmond County during the period from January 1, 1977 to May 31, 1980. Appellant answered and counterclaimed. Cross-motions for summary judgment were filed. Appellee's motion for summary judgment as to appellant's counterclaim was granted. Appellant's motion for summary judgment on the main action was denied. Appellant appeals.

1. On the day prior to the hearing on the summary judgment motions appellant filed for the record in the instant case a document he had denominated as a "Judgment." In point of fact, what appellant had styled and filed as a "judgment" was merely an order of the judge of the state court, apparently dated April 18, 1978, directing the treasurer of Richmond County to pay appellant $390 for representation of indigent defendants. See *Robert Chuckrow Const. Co. v. Gough,* 117 Ga. App. 140 (1) (159 SE2d 469) (1968). When the trial judge discovered at the hearing on the summary judgment motions that a "judgment" had purportedly been filed in the instant case, it was ordered stricken as such. Appellant's assertions that the trial court erred in striking the denomination of the document as being the " 'sentence of the law upon the record' " in the instant case is without merit. *Hand v. Berry,* 170 Ga. 743, 745 (154 SE 239) (1930). The document itself, an order of the state court judge, as opposed to appellant's designation of it as the "judgment" in the case, was not stricken from the record and was presumably considered by the trial court in disposing of the motions for summary judgment.

2. It was not error to grant summary judgment to appellee as to count 1 of appellant's counterclaim which alleged, in essence, that appellee's mere filing of the main action was a malicious abuse of process. *Medoc Corp. v. Keel,* 152 Ga. App. 684 (263 SE2d 543) (1979).

3. Count 2 of the counterclaim sought a recovery of certain fees for appellant's legal services for the period from April 1, 1978 to January 1, 1979 and which fees were alleged to be owed to appellant by appellee. It was alleged that appellant had "not [been] paid $20.00 per hour for out of court work and $30.00 per hour for courtroom work during April 1, 1978 to January 1, 1979, even though the Richmond County [Commission] had increased the fee to that amount effective April 1, 1978." It was not error to grant appellee summary judgment as to this count of the counterclaim. Under Code Ann. § 27-3204(a) the Richmond County Commission "recommends," but does not set, attorney fee limits for the representation of indigents. Thus even assuming that this count could not otherwise be barred by application of Code Ann. § 23-1602, the evidence of record demonstrates that no genuine issue of material fact remains with regard to appellant's receipt of such attorney fees during the period in such total amounts as he was authorized to receive pursuant to procedure for establishing those amounts envisioned by Code Ann. § 27-3204. See generally *Dickens v. State of Ga.,* 153 Ga. App. 834, 835 (1) (267 SE2d 269) (1980).

4. In counts number 3 and 4 of the counterclaim appellant sought essentially to recover in quantum meruit for such attorney

fees as appellant alleged were owed to him by appellee over and above that to which he would have been entitled and for which he had already received compensation pursuant to Code Ann. § 27-3204. It was not error to grant summary judgment as to these counts. See *DeKalb County v. Scruggs,* 147 Ga. App. 711 (1) (250 SE2d 159) (1978). Quantum meruit, as a basis of recovery, "is not available when a county is the defendant." *PMS Constr. Co. v. DeKalb County,* 243 Ga. 870, 872 (257 SE2d 285) (1979).

5. With regard to the denial of appellant's motion for summary judgment on the main action, the record before us clearly demonstrates that genuine issues of material fact remain. It was not error to deny appellant summary judgment as to appellee's action under Code Ann. § 81A-156.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1982 —
REHEARING DENIED JANUARY 26, 1982 — 

*Vernon J. Neely,* for appellant.
*Robert C. Daniel,* for appellee.