## 66361. PORTER v. HOME INDEMNITY COMPANY.

SOGNIER, Judge.

Preston Henry Porter was injured in an automobile accident in March 1980, while a passenger in a DeKalb County police car. Porter sued The Home Indemnity Company, DeKalb County's motor vehicle liability insurer, seeking personal injury protection (PIP) benefits under the policy. The trial court granted Home Indemnity's motion for summary judgment and Porter appeals.

Appellant contends that the trial court erred by granting appellee's motion for summary judgment because genuine issues of material fact remain as to appellee's obligation under the Georgia Motor Vehicle Accident Reparations Act ("No-Fault Act," OCGA § 33-34-1 et seq. (Code Ann. § 56-3401b et seq.)) to provide PIP benefits to appellant. The No-Fault Act requires an owner of a motor vehicle in this state to have basic no-fault coverage, which includes PIP, before operating the motor vehicle. OCGA § 33-34-4 (a) (Code Ann. § 56-3403b). The No-Fault Act defines "owner" as a "natural person, corporation, firm, partnership, cooperative, association, group, trust, estate, organization, or *other entity* in whose name the

motor vehicle has been registered." OCGA § 33-34-2 (10) (Code Ann. § 56-3402b). (Emphasis supplied.) It is appellant's contention that "other entity" includes DeKalb County and thus the county is required to have basic no-fault coverage. Appellant argues that by issuing a motor vehicle liability policy to DeKalb County without the minimum coverage required under the No-Fault Act, appellee violated the provisions of OCGA § 33-34-3 (a) (1) (Code Ann. § 56-3405b) and is liable to appellant for both the basic and optional benefit amounts as well as statutory penalties, punitive damages, costs and attorney fees.

We do not find that any genuine issues of material fact remain, and therefore we affirm the trial court's grant of appellee's motion for summary judgment. Appellant's construction of the No-Fault Act would require us to imply a statutory obligation on the part of DeKalb County to purchase basic no-fault coverage and, as a logical extension of that obligation, would require us to find that DeKalb County's governmental immunity from suit was impliedly waived to the extent of that coverage. Governmental immunity from suit is waived only when so provided by the Constitution or by the express act of the General Assembly. Constitution of Georgia, 1976, Art. VI, Sec. V, Par. I (Code Ann. § 2-3401); *National Dist. Co. v. D.O.T.,* 157 Ga. App. 789, 791 (3) (278 SE2d 648) (1981); *Echols v. DeKalb County,* 146 Ga. App. 560, 561-562 (247 SE2d 114) (1978). Unlike OCGA § 33-24-51 (Code Ann. § 56-2437), which specifically authorizes a county, in its discretion, to purchase liability insurance and provides for the express waiver of governmental immunity from suit to the extent of that insurance coverage, the No-Fault Act contains no provisions explicitly authorizing a county to purchase basic no-fault coverage and no corresponding provisions expressly waiving governmental immunity.

In the absence of any express modification of a county's governmental immunity under the No-Fault Act, it is reasonable to assume that the General Assembly did not contemplate counties purchasing basic no-fault coverage, since that would result in the counties paying premiums while still retaining their governmental immunity. Since DeKalb County was not obligated to purchase basic no-fault coverage, appellee was not obligated to include such coverage in the insurance policy issued to the county. Therefore, OCGA § 33-34-3 (a) (1) (Code Ann. § 56-3405b) is inapplicable in this situation, and the trial court did not err by granting summary judgment in favor of appellee.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1983 —

*William D. Sparks,* for appellant.
*Richard T. Gieryn, Jr., Robert M. Darroch,* for appellee.